RODNEY, INCORPORATED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 112173.   Promulgated November 24, 1943.

*Leo A. Diamond, Esq.*, for the petitioner.
*S. A. Dahlquist, Esq.*, for the respondent.

**OPINION.**

KERN, *Judge*: The single question presented for decision here is whether petitioner is entitled to a deduction for interest paid by it on obligations issued by a corporation all of the stock of which was owned by petitioner and which was later liquidated, its obligations, including the bonds, principal and interest, being assumed by petitioner.

The applicable section of the Revenue Act of 1938 is as follows:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this title.

Petitioner caused its wholly owned subsidiary corporation to liquidate and dissolve, thereby becoming entitled to the assets of the sub-

sidiary after the satisfaction of the latter's liabilities. The corporate resolution of petitioner was to the effect that its subsidiary should be dissolved and that petitioner should take over all of the assets of the subsidiary and should assume all of its liabilities, including debenture bonds and interest thereon. Thereupon the subsidiary transferred to petitioner all of its assets, and petitioner surrendered to the subsidiary all of the latter's stock for cancellation. Petitioner also assumed all of the liabilities of the subsidiary as of June 17, 1938. On December 21, 1938, petitioner paid to the holder of the debenture bonds an amount representing interest due upon these bonds from January 1, 1931, to December 21, 1938, and deducted this payment from its gross income as interest paid. Respondent disallowed that part of this amount paid by petitioner which represented interest due upon these bonds for the period January 1, 1931, to June 17, 1938, but allowed that part which represented interest due for the period June 18, 1938, to December 21. 1938.

In spite of the ingenious argument advanced by the learned counsel for petitioner, we must approve respondent's determination.

It happened that in the instant case the holder of the subsidiary's debenture bonds was also the owner of the stock of petitioner and the original owner of the assets transferred to petitioner by its subsidiary. It was satisfactory to her as a creditor of the subsidiary to have its assets transferred to petitioner and to look thereafter to the petitioner for payment of the principal and interest of the subsidiary's bonds which she held. However, in the ordinary case where a wholly owned subsidiary is liquidated by a parent corporation, the latter is entitled by virtue of its stock ownership to only those assets of the subsidiary remaining after the payment of the subsidiary's obligation. So in the instant case, although because of the peculiar facts here present to which we have referred, the obligations of the subsidiary then payable were not paid prior to or as a part of its liquidation, the creditor of the subsidiary was nevertheless entitled at that time to their payment from the subsidiary's assets, and the later payment by petitioner of the obligations of the subsidiary existing and payable at the time of the latter's liquidation, both as to principal and interest, was merely a convenient means of satisfying obligations to which the creditor of the subsidiary was entitled as a matter of law at the time when the subsidiary was liquidated.

Therefore it must be considered that the petitioner received as a result of the liquidation of its subsidiary only the amount of the assets of the subsidiary in excess of its then existing liabilities, and any payment of such liabilities made by petitioner after the liquidation was in the nature of a capital adjustment and was not to be charged against income.

1024

Petitioner advances an alternative contention with regard to the deficiency in personal holding company surtax determined by respondent as a result of his disallowance of the deduction for interest paid which we have just discussed. Petitioner argues that, if we should hold that the payment of $32,569.33 by it to the holder of the debenture bonds representing interest thereon for the period January 1, 1931, to June 16, 1938, was not an interest payment deductible by petitioner, then the payment was in fact a dividend and petitioner's undistributed Title IA net income should be adjusted to reflect this amount as "dividends paid." For the reasons outlined above in our discussion of petitioner's first contention, we are unable to agree.

*Decision will be entered for respondent.*