PHILADELPHIA TRANSPORTATION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9893. Promulgated November 28, 1947.

*W. R. Spofford, Esq., Frederick L. Ballard, Esq.,* and *Sherwin T. McDowell, Esq.,* for the petitioner.
*Brooks Fullerton, Esq.,* for the respondent.

1020

1022

HARLAN, *Judge*: The respondent contends that the payments made by petitioner in the redemption of the 1939 coupons were not payments of interest; that the obligation to redeem the 1939 coupons did not accrue in 1940; that it was imposed in 1939 and became a fixed liability on November 14, 1939; that the 1939 coupons were to counterbalance the difference between 1939 rentals and the $700,000 *ad interim* payment; that the amount of $1,787,206.88 paid to redeem the 1939 coupons was computed on 1939 income; that it is treated on petitioner's books exactly in accordance with respondent's determination; that this obligation became fixed in 1939; that petitioner may not in 1940 accrue "interest" on the same obligation for the years 1939 and 1940; and that the accrual of the alleged 1939 interest and the accrual of the actual 1940 interest as deductions from gross income of 1940 distorts petitioner's net operating loss for that year.

The petitioner contends that the amounts it paid in redemption of the 1939 coupons on its 3 per cent-6 per cent consolidated mortgage bonds constituted interest on indebtedness which accrued in 1940 and hence was deductible from gross income for that year. In the alternative it contends that the deductions claimed on its 1940 income tax return were allowed by the respondent within the meaning of the Internal Revenue Code, and respondent, therefore, erred in disregarding them in computing its income tax liability for 1942.

Section 23 (b) of the Internal Revenue Code permits a taxpayer to deduct all interest paid or accrued within the taxable year on indebtedness.

This Court has held in a number of cases, relied upon and cited by petitioner, that interest accrued or paid under circumstances substantially the same as those here involved is deductible. *Columbia River Paper Mills*, 43 B. T. A. 104; affd., 126 Fed. (2d) 1009; *Oregon Pulp & Paper Co.*, 47 B. T. A. 772 (petition for review dismissed, C. C. A., 9th Cir., Nov. 2, 1943); *Ernst Kern Co.*, 1 T. C. 249; *Pressed Steel Car Co.* v. *Commissioner*, 152 Fed. (2d) 280, affirming, per curiam, Tax Court memorandum opinion, Docket No. 107623, August 16, 1944. The Circuit Court of Appeals for the Seventh Circuit reached a contrary conclusion on similar facts in *Commissioner* v. *Drovers Journal Publishing Co.*, 135 Fed. (2d) 276. The latter case is relied upon by the respondent.

The above cited cases, excluding the *Drovers* case, which we respectfully decline to follow, require that our decision on the issue presented for our consideration be in favor of petitioner. Having reached this conclusion, no useful purpose would be served by any detailed discussion of the respondent's contentions and argument. Suffice to say that we do not have before us the question of the tax treatment to be

accorded purchase money applied to an indebtedness existing prior to the acquisition of property, or an instance where property was acquired subject to the obligation of a third party. Cases such as *Pratt-Mallory Co.* v. *United States* (Ct. Cls.), 12 Fed. Supp. 1020, 1023; *Rodney, Inc.* v. *Commissioner*, 145 Fed. (2d) 692, affirming 2 T. C. 1020; *Koppers Co.*, 3 T. C. 62; affd., 151 Fed. (2d) 267; *Magruder* v. *Supplee*, 316 U. S. 394; *Automatic Sprinkler Co. of America*, 27 B. T. A. 160, cited by respondent, do not, therefore, have any application here. The plan of reorganization does not contain any provision imposing upon petitioner, as the new company, a liability to discharge the obligation of any other party to the reorganization to pay rentals or interest. When petitioner made the payments in redemption of the 1939 coupons it was paying its own obligation—not that of another party. The 3 per cent-6 per cent consolidated mortgage bonds constituted an indebtedness of petitioner. These bonds and the coupons in redemption of which the payments in controversy were made, all required the payment of the questioned sums as interest. The respondent himself recognized that these payments constituted interest when, on October 9, 1940, in advising petitioner that it was required to withhold income tax on payments made to nonresident alien bondholders, he said: "The distribution under consideration in the instant case is held to represent a payment of interest on an outstanding obligation." Inasmuch as petitioner did not come into existence until 1940, did not issue its bonds until 1940, did not exchange them with the depositing security holders in the reorganization proceedings until 1940, and did not actually undertake any liability until all these things had taken place, it was impossible for the interest to accrue prior to 1940. Inherent in the accrual of an obligation is the existence of an obligor, and petitioner's obligation accrued in 1940 when it came into existence and was legally capable of contracting obligations. We hold that the petitioner properly accrued and deducted in its income tax return for 1940, interest in the amount of $1,787,206.88 which it paid in that year.

Having reached this conclusion, we deem it unnecessary to discuss or decide the petitioner's alternative contention.

Reviewed by the Court.

*Decision will be entered under Rule 50.*