## MAGRUDER, COLLECTOR OF INTERNAL REVE-NUE, *v.* SUPPLEE ET UX.

No. 947.   Argued April 30, 1942.—Decided May 25, 1942.

*Mr. Douglas Maggs* argued the cause, and *Solicitor General Fahy, Assistant Attorney General Clark,* and *Messrs. Sewall Key, Arnold Raum,* and *Michael H. Cardozo, IV,* were on the brief, for petitioner.

*Mr. Nathan J. Felsenberg,* with whom *Mr. James M. Hoffa* was on the brief, for respondents.

MR. JUSTICE MURPHY delivered the opinion of the Court.

During the years 1936 and 1937, respondents purchased various parcels of real estate in Baltimore, Maryland.   In each instance, the state and city taxes on the real estate for the current year had not been paid at the time of

purchase. The various contracts provided for the apportionment of these current real estate taxes, respondents agreeing to pay the amount of the taxes, and the vendors undertaking to bear the burden of that portion of the taxes arithmetically allocable to the fraction of the year that had expired prior to the date of purchase. Adjustments were accordingly made in the purchase prices to reflect this arrangement.

Respondents paid the local authorities the full amounts necessary to discharge the tax liability. In their 1936 and 1937 income tax returns, which were on the cash basis, they deducted that portion of those taxes "allocable" to the periods after purchase. The Commissioner of Internal Revenue ruled that the amounts in question were not deductible under § 23 (c) of the Revenue Act of 1936, 49 Stat. 1648, 1659,[1] but instead were merely part of the cost of the properties. Accordingly, he made a deficiency assessment which was paid under protest. This suit for refund followed. The District Court held the amounts were deductible,[2] and the Circuit Court of Appeals affirmed[3] on the authority of its previous decision in *Commissioner* v. *Rust's Estate*, 116 F. 2d 636. We granted certiorari because of an asserted conflict with *Lifson* v. *Commissioner*, 98 F. 2d 508.

The question for decision is whether the amounts apportioned by respondents on the basis of the fractions of the taxable years remaining after the several purchases constitute "taxes paid within the taxable year" within the

---

[1] "Sec. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

.          .          .          .          .

(c) *Taxes Generally.*—Taxes paid or accrued within the taxable year, . . ."

[2] 36 F. Supp. 722.

[3] 123 F. 2d 399.

meaning of § 23 (c) of the Revenue Act of 1936, 49 Stat. 1648, 1659, and hence are deductible.

The guiding principle for determining whether a payment satisfying a tax liability is a "tax paid" within the meaning of § 23 (c) is furnished by the applicable Treasury regulation, which states that "In general taxes are deductible only by the person upon whom they are imposed." [4] See *Colston* v. *Burnet,* 61 App. D. C. 192, 59 F. 2d 867; Small *v.* Commissioner, 27 B. T. A. 1219; Paul, Selected Studies in Federal Taxation, Second Series, p. 24. Resort must be had here to the laws of Maryland and of the City of Baltimore to determine upon whom the state and city real estate taxes were imposed. *Walsh-McGuire Co.* v. *Commissioner,* 97 F. 2d 983, 984; cf. *Helvering* v. *Fuller,* 310 U. S. 69, 74–75; and see Paul, *op. cit. supra,* pp. 23–24.

To illustrate concretely the workings of the Maryland tax system with respect to respondents' purchases, the property bought on May 10, 1936, may be taken as typical of all the other transactions. The assessment date, or "date of finality," for both state and city taxes was October 1, 1935.[5] These taxes were for the calendar year 1936 [6] and

---

[4] Article 23 (c)–1 of Treasury Regulations 94, promulgated under the Revenue Act of 1936. This is a regulation of long standing. See Treasury Regulations 86, promulgated under the Revenue Act of 1934, Article 23 (c)–1; Treasury Regulations 77, promulgated under the Revenue Act of 1932, Article 151; Treasury Regulations 74, promulgated under the Revenue Act of 1928, Article 151; Treasury Regulations 69, promulgated under the Revenue Act of 1926, Article 131; Treasury Regulations 65, promulgated under the Revenue Act of 1924, Article 131.

[5] Ann. Code of Maryland (Flack, 1939), Vol. 2, Art. 81, § 26 (b), provides that state and local taxes shall have the same date of finality as is provided by local law, and the date of finality for Baltimore with respect

became due and payable on January 1, 1936,[7] although the default date for city taxes was not until July 1, 1936, and for state taxes January 1, 1937.[8] Both the state and the city had liens against the property from the due date, January 1, 1936.[9] And, respondents' vendor became personally liable for these taxes before the sale. An action of assumpsit could have been brought against him for the taxes at any time after the due date.[10] Had he sold the property between October 1, 1935 and January 1, 1936, he apparently would still have remained personally liable, and if he had gone into bankruptcy after such sale the taxing authorities would have had a provable claim against him. *In re Wells,* 4 F. Supp. 329; cf. *Baltimore* v. *Perrin,* 178 Md. 101, 107, 12 A. 2d 261.

It is thus apparent that tax liens had attached against the properties and that respondents' predecessors in title had become personally liable for the taxes prior to any of the purchases. The attachment of a lien for taxes against property before its sale has been held to prohibit the ven-

---

to any tax year is October 1 of the preceding year. See Code, Public Local Laws of Maryland (Flack, 1930), Art. 4, § 40.

[6] Taxes are imposed annually on a calendar year basis. See Ann. Code of Maryland (Flack, 1939), Vol. 2, Art. 81, § 26 (a) and (b); Code, Public Local Laws of Maryland (Flack, 1930), Art. 4, § 40.

[7] See Ann. Code of Maryland (Flack, 1939), Vol. 2, Art. 81, § 46 (b), which provides that state taxes are payable on January 1. Sec. 46 (a) provides that local taxes shall be payable in accordance with local law, and under local law Baltimore taxes are due on January 1. Code, Public Local Laws of Maryland (Flack, 1930), Art. 4, § 40.

[8] Code, Public Local Laws of Maryland (Flack, 1930), No. 4, § 40; Ann. Code of Maryland (Flack, 1939), Vol. 2, Art. 81, § 74.

[9] Ann. Code of Maryland (Flack, 1939), Vol. 2, Art. 81, § 72.

[10] Ann. Code of Maryland (Flack, 1939), Vol. 2, Art. 81, § 154. See *County Commissioners* v. *Clagett,* 31 Md. 210; *Bassett* v. *Ocean City,* 118 Md. 114, 119, 84 A. 262; *Free* v. *Greene,* 175 Md. 36, 41, 199 A. 857.

dee from deducting, as "taxes paid," amounts paid by him to discharge this liability. *Lifson* v. *Commissioner,* 98 F. 2d 508; *Walsh-McGuire Co.* v. *Commissioner,* 97 F. 2d 983; *Merchants Bank Bldg. Co.* v. *Helvering,* 84 F. 2d 478; *Helvering* v. *Missouri State Life Ins. Co.,* 78 F. 2d 778, 781. A tax lien is an encumbrance upon the land, and payment, subsequent to purchase, to discharge a pre-existing lien is no more the payment of a tax in any proper sense of the word than is a payment to discharge any other encumbrance, for instance a mortgage. It is true that respondents here could not have retained the properties unless the taxes were paid, but it is also true that they could not retain them without paying the purchase price. It is no answer therefore to say that the property was burdened with the taxes and that respondents became obligated to pay them. There was a burden, but it was contractually assumed. In discharging this assumed obligation respondents were not paying taxes imposed upon them within the meaning of § 23 (c). For "only the person owning the property at that time [i.e., when the tax lien attaches] is subjected to the burden which the law imposes; and only the person who has been thus subjected to the burden of the tax is entitled to a deduction for paying it. Payment by a subsequent purchaser is not the discharge of a burden which the law has placed upon him, but is actually as well as theoretically a payment of purchase price; for, after the lien attaches and the taxing authority becomes pro tanto an owner of an interest in the property, payment of the tax by a purchaser is nothing but a part of the payment for unencumbered title." Judge Parker, dissenting in *Commissioner* v. *Rust's Estate,* 116 F. 2d 636, 641.

Furthermore, respondents paid taxes for which their vendors were personally liable. This was clearly the payment of a tax imposed upon another and therefore not deductible by respondents. Cf. *Walsh-McGuire Co.* v. *Commissioner,* 97 F. 2d 983; Gatens Investment Co. *v.*

Commissioner, 36 B. T. A. 309; Kohlsaat *v.* Commissioner, 40 B. T. A. 528. And see *Commissioner* v. *Coward,* 110 F. 2d 725, 727.

Thus either a pre-existing tax lien or personal liability for the taxes on the part of a vendor is sufficient to foreclose a subsequent purchaser, who pays the amount necessary to discharge the tax liability, from deducting such payment as a "tax paid." Where both lien and personal liability coincide, as here, there can be no other conclusion than that the taxes were imposed on the vendors. Respondents simply paid their vendors' taxes; they cannot deduct the amounts, or any portion thereof, paid to discharge liabilities so firmly fixed against their predecessors in title by the laws of Maryland.

The view of the court below that the parties' contractual arrangement for apportionment of the tax burden was controlling is untenable.[11] Parties cannot change the incidence of local taxes by their agreement. And it is misleading to speak of real estate taxes as "applicable" to the fractional part of a tax period following purchase. Such taxes are simply one form of raising revenue for the support of government. They are not like rent, nor are they paid for the privilege of occupying property for any given period of time.

The judgment below is

*Reversed.*

---

[11] The opinion below was a per curiam affirmance on the authority of *Commissioner* v. *Rust's Estate,* 116 F. 2d 636. The Court there relied on the fact that the parties had agreed to apportion the tax obligation. p. 640.