J. Raymond Batcheller v. Commissioner.
Batcheller v. Commissioner
Docket No. 7389.
United States Tax Court
1946 Tax Ct. Memo LEXIS 95; 5 T.C.M. (CCH) 746; T.C.M. (RIA) 46209; August 26, 1946
J. Raymond Batcheller, pro se. Leonard A. Marcussen, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: This proceeding involves a deficiency in income tax in the amount of $95.89 for the calendar year 1941. The several issues involved are as follows: (1) Is the amount withheld in 1941 by the petitioner's employer pursuant to the requirements of the Civil *96 Service Retirement Act includible in the gross income of petitioner for that year? (2) Is the petitioner entitled to a deduction for taxes in the amount of $171.76 paid by him on real estate owned by his mother? (3) Is the petitioner entitled to a personal exemption as head of a family? (4) Does the acceptance by the Collector of a check in the amount of the tax as disclosed by the return and carrying a notation "Income tax 1941 in full" preclude the respondent from asserting a deficiency in such tax for that year? Another issue relating to charitable deductions was conceded by the Commissioner and will be given effect in a recomputation. Issue I Findings of Fact. - The petitioner, an individual, resides at Portland, Oregon. His income tax return was filed with the Collector of Internal Revenue for the District of Oregon. He reported on a cash receipts and disbursements basis. During the taxable year the petitioner was employed as a United States Civil Service employee by Bonneville Power Administration, Department of Interior, at Portland, Oregon. Form 1099, "United States Information Return for the Calendar Year 1941", submitted by Bonneville Power Administration *97 reflected total salary payments of $2,499.92. On his return the petitioner included only the sum of $2,420.99 [1] as salaries or other compensation for personal services. The difference, $87.68, was withheld by the employer pursuant to the Civil Service Retirement Act. The respondent included that sum in petitioner's taxable income. Opinion. - Amounts withheld under the Civil Service Retirement Act from the pay of a United States Civil Service employee on a cash basis are includible in the employee's gross income. Cecil W. Taylor, 2 T.C. 267. On appeal, Malcolm D. and Martha Ann Miller, decided with the Taylor case, supra, was affirmed. Miller v. Commissioner, 144 Fed. (2d) 287. Our decisions therein completely control the issue here and, accordingly, we sustain the respondent on this question. Issue II Findings of Fact. - In the taxable year petitioner paid taxes in the amount of $171.76 assessed on real estate owned by and held in the name of his mother. In 1938, *98 petitioner's mother gave a $2,600 note in connection with a lot she purchased upon which to build her house. The note was secured by a mortgage on the premises. Both the mother and son signed the original note. In 1941, the mortgage was extended and petitioner, as well as his mother, signed the extension agreement. Under the terms of the agreement the mortgagors were to pay all taxes and assessments against the property before the same became in default. In his return the petitioner claimed a deduction from gross income in the amount of $171.76 as taxes paid by him. The respondent disallowed the deduction. Opinion. - Petitioner takes the view that since he was obligated to pay the taxes under the terms of the mortgage he is entitled to the deduction for the amounts that were actually paid by him in the taxable year. There is no question but that he paid taxes on the property in the amount in question. The respondent's Regulations have long held that, in general, taxes are deductible only by the person upon whom they are imposed. [2] In Magruder v. Supplee, 316 U.S. 394, the Supreme Court approved the Regulation. We have held that even though a taxpayer may have become *99 legally obligated through a private contract to pay taxes, he is not entitled to a deduction for "taxes paid" within the meaning of the applicable statute [3] unless he is legally liable to the authority imposing the tax. Caroline T. Kissel, 15 B.T.A. 1270; Eugene W. Small, 27 B.T.A. 1219; Edward C. Kohlsaat, 40 B.T.A. 528, and Magruder v. Supplee, supra.The petitioner has not shown that he was liable to the taxing authority and, indeed, the evidence shows that the home to which the taxes related was his mother's. It follows that petitioner is not entitled to the claimed deduction. Issue III Findings of Fact. - During the taxable year the petitioner lived with his mother in her home. His mother received gross rental payments amounting to some $558 in 1941 from other property owned by her. The total value of the two parcels of real estate which she owned was about $9,528. Petitioner had an arrangement with his mother whereby her money was used to defray household expenses in so far as possible and the balance was to be made up by *100 him. During 1941, he paid amounts totaling $1,405.73. [4] The items paid by petitioner were as follows: Cash
$139.00
Telephone (listed in petitioner's name)
42.26
Principal on mortgage
400.00
1939 taxes and interest
188.60
1941 taxes ($171.76 on his mother's residence)
382.55
Repairs: Roof
$80.00
Furnace
25.80
Paint
23.25
Plumbing
23.46
152.51
Miscellaneous: Recording extension
5.00
Fire insurance
8.25
Wood
35.00
Wringer
4.98
Range
17.50
Fence and mattress
13.93
Trash burner
12.20
Chimney cleaning
3.95
100.81
$1,405.73
No part of the cash payments included in the above list was expended for food or groceries. In his return the petitioner claimed a personal exemption in the amount of $1,500 as "head of family". The respondent disallowed the exemption. Opinion. - There was no attempt by the petitioner to disclose full information with respect to his mother's income or with respect to her total resources. Nor does the record disclose the total cost of his mother's maintenance and support or the proportion thereof borne by him. Hence, the record is fatally *101 defective. The mother and son apparently had an "expense sharing arrangement" under which she bought the food and paid certain other expenses, the total cost of which is not shown. In addition to that she apparently kept house, prepared meals and furnished other services for their mutual benefit. In these circumstances, we are unable to conclude that the petitioner was a head of a family within the meaning of the applicable statute, [5] or that he provided the chief support and maintenance of his mother. Cf. Augustus S. Loyless, 40 B.T.A. 600, and L. S. Frankenau, 2 T.C. 703. Issue IV Findings of Fact. - The petitioner's *102 income tax return reflected a tax liability of $55.90. Petitioner sent the Collector a personal check in that amount bearing the notation "Income tax 1941 in full". The Collector accepted and negotiated the check and gave petitioner credit for that amount on his tax liability for 1941. Thereafter the Commissioner determined the deficiency which is now before us. Opinion. - Petitioner takes the view that the acceptance of the check in question relieves him from any further liability in income taxes for 1941. The check would serve as a receipt for the payment of its face amount on his liability for that year [6] but acceptance thereof by the Collector may not be set up as a bar to such further tax liability as may be subsequently revealed upon audit and examination of the return. Section 56 (h), Internal Revenue Code, provides only that collectors shall upon request give to a person making a tax payment a full written or printed receipt therefor. Section 57, Internal Revenue Code, requires that after the return is filed the Commissioner shall examine it and determine the correct amount of the tax. Petitioner's contention is without merit. *103 Decision will be entered under Rule 50. Footnotes
1. Includes $8.75 "per diem" expense allotment received by the petitioner. Adjustment was made by the respondent omitting such sum from gross income in the deficiency determination.↩
2. Sec. 29.23 (c)-1, Reg. 111. ↩
3. Sec. 23 (c), Internal Revenue Code↩.
4. Petitioner's figure was $1,407.88.↩
5. Internal Revenue Code: SEC. 25. CREDITS OF INDIVIDUAL AGAINST NET INCOME. * * *
(b) Credits for Both Normal Tax and Surtax. - There shall be allowed for the purposes of the normal tax and the surtax the following credits against net income: (1) Personal Exemption. - In the case of a single person or a married person not living with husband or wife, a personal exemption of $750; or in the case of the head of a family or a married person living with husband or wife, a personal exemption of $1,500. * * *↩
6. Sec. 29.56-4, Reg. 111.↩