Milner Hotels, Inc., New York v. Commissioner.
Milner Hotels, Inc. v. Commissioner
Docket No. 11170.
United States Tax Court
1948 Tax Ct. Memo LEXIS 262; 7 T.C.M. (CCH) 47; January 30, 1948
Edward S. Reid, Jr., Esq., for the petitioner. A. J. Friedman, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: There are involved in this case declared value excess profits taxes and excess profits taxes, both for the calendar year 1943. Deficiency of $394.03 was determined in declared value excess profits tax, and of $18,137.32 in excess profits tax. The petition alleges controversy in both taxes in the aggregate amount of $8,597.15, but the answer places in controversy the entire deficiencies in the amounts above stated. The sole question presented is whether the *263 petitioner properly deducted from income certain taxes on real estate in New York City, paid by it to that city. All facts have been stipulated and are found by us as so stipulated. They may be epitomized, so far as necessary to consideration of the issue, as follows: [The Facts] The petitioner is a corporation organized under New York law, with its principal offices in Detroit, Michigan. It filed its Federal tax return for the taxable year, with the collector for the District of Michigan, on the cash basis, under which it operated. About December 1, 1942, the Mutual Life Insurance Company, through its usual place of business of Borough of Manhattan, City of New York, and Charles Corr, resident of Borough of Brooklyn, City of New York, agreed in writing for the sale to Corr of certain realty located in Borough of Manhattan. Corr was a legal "dummy" acting for and on behalf of the petitioner. The Boroughs of Manhattan and Brooklyn, it is agreed, are in the same taxing district. The sale was closed by the passage of the deed on January 7, 1943, (but dated January 1, 1943) to Corr and deed from him to petitioner the same day; also execution of a memorandum of closing, including *264 a recitation in pertinent part that a receipted tax bill covering the first half of the taxable year, from July 1, 1942, to December 31, 1942, was exhibited by that seller's representative to petitioner's representative. On or about April 1, 1943, the petitioner paid the second half of the real estate tax, covering the period from January 1, 1943, to June 30, 1943, in the amount of $11,398.50, and this sum was charged by the petitioner to current expense during 1943. The amount was subsequently adjusted by the New York City taxing authorities. On March 7, 1945, the City of New York taxing authorities furnished petitioner the following information: "New York 7, N. "File No. 87008 "Forward & Love, 409 Griswold Street, Detroit 26, Michigan, March 7, 1945 "Gentlemen: "Your communication dated February 28, 1945 addressed to 'City Assessor' has been received by this office. "In reply to your question, kindly be advised that real estate taxes are assessed or levied for the fiscal year from July 1 to June 30th and are payable in two halves. Although the first half tax becomes due and payable on October 1st, it covers the first half of the fiscal year and although the second half *265 becomes due and payable on April 1st, it covers the second half of the fiscal year, that is, from January 1st to June 30th. "Yours truly, /s/ Wm. Reid City Collector" IZ-HFQ:CHV The Charter of the City of New York in section 172 provides inter alia that certified assessment-rolls shall be delivered on or before June 20 of each year to the president of the council, that the council shall meet to fix tax rate not later than June 25, and at such meeting the council shall set down on the assessment-rolls, the amounts of taxes; and that before June 30, the completed assessment-rolls shall be delivered to the treasurer with proper tax warrants. Sec. 172 also provides, in part, as follows: "All taxes upon real estate for each fiscal year shall be due and payable in two equal installments, the first of which shall be due and payable on the first day of October in such year, the second of which shall be due and payable on the first day of April in such year. * * * "All taxes shall be and become liens on the real estate affected thereby and shall be construed as and deemed to be charged thereon on the respective days when they become due and payable, and not earlier, and shall remain *266 such liens until paid." [Opinion] The petitioner contends that the New York City real estate tax accrued on April 1, 1943, (as to the second half of the fiscal year) after its acquisition of the realty involved, that the tax was therefore an obligation of the petitioner and not of its vendor, so that it may properly deduct the tax paid under section 23 (c), Internal Revenue Code, since at its acquisition of the property there was neither tax lien nor personal liability on the vendor to pay the second half of the tax. Petitioner relies upon Adda, Inc., 9 T.C. 199, as completely dispositive of this matter. The respondent contends that petitioner is not entitled to deduct the taxes paid for the reason that they accrued while the vendor was owner and there was no personal liability of the petitioner to pay, but agrees on brief that a similar question was involved in the Adda case; that the applicable statutes Federal and local are the same and the regulations similar, stating, however, that the principal factual difference is that in Adda, Inc., the taxes were paid October 31, for the first half of the year, while here the tax was paid April 1, *267 covering the second half of the year. Respondent says that the Adda case is contrary to the position taken by him in this and prior cases, and that under Magruder v. Supplee, 316 U.S. 394, if there is a preexisting lien against the property or a preexisting personal liability on the vendor, for the taxes, they have accrued and the vendee may not pay and deduct them from income. It is urged that the Adda case was not Court-reviewed and that the question be considered de novo. We are unable to distinguish the Adda case in any material fact, or in principle. All arguments applicable here were there carefully analyzed and considered and need not here be set forth. We therefore hold, following that case, that the petitioner was the one entitled to deduct the taxes upon the realty sold. Because ofother items of the deficiency notice not placed, in issue, Decision will be entered under Rule 50.