## GOSSMANN v. GLENN.
### Civ. No. 1826.

United States District Court
W. D. Kentucky, At Louisville.
June 20, 1950.

---

Skaggs, Hays & Fahey, Louisville, Ky., for plaintiff.

David C. Walls, U. S. Atty., Louisville, Ky., for defendant

SHELBOURNE, District Judge.

## Findings of Fact

Upon the evidence adduced by the parties in the trial of this case to the Court on June 6, 1950, and the pleadings in the case, the Court makes the following findings of fact:

I. The transferor-corporation, Model Farms Dairy, a Kentucky corporation, timely filed its income and excess-profits tax returns for the last period of its life, January 1 to June 30, 1944, and claimed therein as a deduction $5,986.72, which it paid to the Kentucky Unemployment Compensation Commission on June 2, 1944.

II. At a meeting of the stockholders of Model Farms Dairy held on May 26, 1944, a resolution was voted and passed to dissolve the corporation on June 30, 1944, and to distribute the corporate assets in kind to its stockholders in proportion to their stock ownership in the corporation.

At a meeting of the directors of Model Farms Dairy held on the same date, May 26, 1944, the said resolution voted and passed by the stockholders was confirmed and approved.

III. Pursuant to the resolution passed and adopted by the stockholders and directors, as described in the preceding paragraph, the corporation, Model Farms Dairy, dissolved on June 30, 1944, distributed its assets in kind to its stockholders, and engaged in no business after that date.

IV. Shortly after the corporation dissolved on June 30, 1944, the stockholders formed a partnership. All of the corporate assets, which had been distributed, were transferred to the partnership and it took over and carried on the same business under the same name, Model Farms Dairy.

V. The Kentucky Unemployment Compensation Commission was created by Kentucky Revised Statutes, Section 341.110. Contributions from employers were required under Kentucky Revised Statutes, Sections 341.260 and 341.270. In addition to the payment of the contributions required, any subject employer was given the right, under Kentucky Revised Statutes, Section 341.530(4), to make *voluntary* contributions to build up a reserve account to reduce the rate of contributions required of such employer during the succeeding calendar year. The voluntary contribution could not be imposed as a tax and no personal liability could be imposed upon the employer corporation to pay it.

VI. The voluntary contribution of $5,986.72 was paid by the corporation, Model Farms Dairy, on June 2, 1944, seven days after its stockholders and directors had voted, passed and adopted resolutions to end the corporation's existence on June 30, 1944, and pursuant to those resolutions the corporation's existence did end on that date. No reduction in rates and no benefits of any kind could have been realized from the payment of the voluntary contribution until after January 1, 1945, six months after its corporate life, business and existence had ended.

VII. After an audit was made of the income and excess-profits tax returns filed by the corporation, as set forth in finding (1) herein, the Commissioner of Internal Revenue disallowed the deduction claimed, restored the $5,986.72 to income, determined a deficiency in the income and excess-profits of the corporation, and assessed against the plaintiff, Anne K. Gossmann, as transferee of the corporation, the sum of $3,475.07, which amount, plus interest of $839.15, was paid by her on October 11, 1948.

VIII. On July 5, 1949, the plaintiff, Anne K. Gossmann, filed a claim for refund of $3,475.07, plus interest from September 15, 1944, based upon the same grounds alleged in the complaint which are stated in the claim for refund as follows: " * * Said payment of $5,986.72 by Model Farms Dairy to the Kentucky Unemployment Compensation Commission was an ordinary and necessary business expense of the Model Farms Dairy and was a payment of tax by it to the state of Kentucky and was, therefore, pursuant to sections 23(a) and 23(c)

of the Internal Revenue Code, to be allowed as a deduction from gross income in the computation of its federal income and excess profits taxes." The claim for refund was disallowed in full by the Commissioner of Internal Revenue on January 6, 1950, and this action was timely commenced on January 23, 1950.

### Conclusions of Law

I. The statute relied upon by the plaintiff and claimed to be applicable is Section 23, 23(a) (1) (A) and 23(c) (1) of the Internal Revenue Code, 26 U.S.C.A. § 23, which provide in part as follows:

§ 23. Deductions from gross income.

"In computing net income there shall be allowed as deductions:

"(a) *Expenses*

"(1) *Trade or business expenses*

"(A) *In General* All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *

"(c) *Taxes Generally*

"(1) *Allowance in general* Taxes paid or accrued within the taxable year * * *."

II. The voluntary contribution of $5,986.72 was paid by the corporation on June 2, 1944, seven days after the stockholders and directors had adopted a resolution to end the corporation's life on June 30, 1944, and the corporation's life ended on that date. No business purpose or benefit could have been realized by the corporation from the payment during its life or before January 1, 1945. The payment was, therefore, neither an ordinary nor necessary business expense in liquidating the corporation or in carrying on any trade or business engaged in by the corporation.

III. In the case of Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 1164, 86 L.Ed. 1555, the Supreme Court of the United States stated in part as follows: "The guiding principle for determining whether a payment satisfying a tax liability is a 'tax paid' within the meaning of Section 23(c) is furnished by the applicable Treasury regulation, which states that 'In general taxes are deductible only by the person upon whom they are imposed.' See Colston v. Burnet, 61 App.D.C. 192, 59 F.2d 867; Small v. Commissioner, 27 B.T.A. 1219; * * *"

The voluntary payment of $5,986.72 could not have been imposed upon the corporation as a tax and the corporation was not burdened with a personal liability to pay it. The payment was not deductible as a tax paid under the provisions of Section 23(c) (1), supra.

IV. The Commissioner of Internal Revenue was correct in disallowing the deduction and in making the tax assessment involved in this case. The plaintiff's complaint is dismissed and the defendant is granted judgment for costs.