ANGELES CORRAL, ET AL.,* PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 34872, 37762–37774. Promulgated September 18, 1953.

*Michael J. O'Brien, Esq.*, and *Matt O'Brien, Esq.*, for the petitioners.
*F. L. Van Haaften, Esq.*, and *Leigh H. Crockett, Esq.*, for the respondent.

OPINION.

TIETJENS, *Judge:* The respondent determined deficiencies in income tax against Angeles Corral and Mary Jo Corral O'Brien for the calendar years 1947 and 1948, and against Anthony Florez and Eva Florez, his wife, for the calendar year 1948. As to all other petitioners the respondent determined deficiencies for the calendar year 1947. The petitioners have waived any issues raised by these appeals as to the year 1948. The sole issue is whether the payments of state, county, and city real and personal property taxes by the partnership, "Angeles Corral et al., tenants 'in common" in 1946 are deductible as taxes paid under section 23 (c) (1) of the Internal Revenue Code.

---

*Proceedings of the following petitioners are consolidated herewith. Eva Corral Florez, Docket No. 37762; Mary Jo Corral O'Brien, Docket No. 37763; Bertha Corral Fletcher, Docket No. 37764; Flavia Corral, Docket No. 37765; Manuel Corral, Jr., Docket No. 37766; Anthony A. Florez, Docket No. 37767; Justo Rodriguez and Ofelia G. Rodriguez, his wife, Docket No. 37768; Anthony Florez and Eva Florez, husband and wife, Docket No. 37769; Lucille Corral Cannon, Docket No. 37770; James J. Corral, Docket No. 37771; Sylvia Corral Vega, Docket No. 37772; Celestino C. Vega, Jr., Docket No. 37773; and Grace Corral, Docket No. 37774.

All of the facts have been stipulated and are so found. The facts necessary to an understanding of the issue presented are briefly as follows: On February 19, 1946, the partnership Angeles Corral et al., tenants in common, made up of the petitioners, purchased the Tampa Terrace Hotel in Tampa, Florida. The property consisted of real estate, improvements thereon, furniture, and equipment.

The partnership leased the hotel for operation on February 21, 1946, to Overlord, Inc., a Florida corporation which had been organized by substantially all of the petitioners. The lessee was to make necessary repairs and pay personal property taxes.

The partnership reported its income on a cash basis. Its first return covering the fiscal year February 1, 1946, to January 31, 1947, was filed with the collector of internal revenue at Jacksonville, Florida. In this return there was deducted an item of $38,510.48, representing assessed state, county, and city real property taxes for 1946 paid by the partnership on November 30, 1946. There was also deducted an item of $2,557.38, representing assessed personal property taxes for 1946 paid on November 22, 1946, by Overlord, Inc., the lessee-operating company.

The respondent disallowed both the real and personal property taxes as deductions under section 23 (c) (1) of the Internal Revenue Code. The disallowance resulted in an increased distributable income to the partnership and a consequent increase in the taxable net income of each of the partners, the petitioners here.

The respondent contends that since the taxes were imposed as of January 1, 1946, and the partnership did not purchase the hotel property until February 19, 1946, the amounts paid by the partnership to discharge the taxes were not deductible by the partnership since they were payments of taxes imposed upon the previous owner and consequently did not represent taxes of the partnership, but constituted a part of the purchase price of the property. Thus, the question for decision is whether the payments of state, county, and city real and personal property taxes are deductible by the partnership as taxes paid under section 23 (c) (1) of the Internal Revenue Code.

The petitioners have filed no brief and we are unenlightened as to what their legal contentions are.

In *Magruder* v. *Supplee*, 316 U. S. 394 (1942), the Supreme Court laid down the principles which are determinative of the question presented here. In deciding whether a vendee of real property could deduct as taxes paid his share of state and city real property taxes, the Court set forth the following rule (p. 399) :

Thus either a pre-existing tax lien or personal liability for the taxes on the part of a vendor is sufficient to foreclose a subsequent purchaser, who pays the amount necessary to discharge the tax liability, from deducting such payment as a "tax paid."

E. g., *Helvering* v. *Johnson County Realty Co.*, (C. A. 8, 1942) 128 F. 2d 716; *Gilken Corp.* v. *Commissioner*, (C. A. 6, 1949) 176 F. 2d 141.

In ascertaining the existence of either of the foregoing conditions reference must be had to the law of the taxing authority—in this case the State of Florida. *Magruder* v. *Supplee, supra*. The law of Florida provides that all real and personal property in the state shall be subject to taxation on the first day of January of each year and that such taxes shall be a lien on the taxed property.[1] All real and personal property is to be assessed between the first day of January and the first day of July in each year,[2] and all taxes are due and payable on the first day of November in each year.[3] The law further provides that "Any assessment of taxes shall be a lien upon the property assessed from the first day of January for which year the property is liable to assessment."[4] And all tangible personal property taxes are made a lien on all of the personal property of the taxpayer in the county in which they are assessed from the first day of January of the year in which the property is liable to assessment.[5] Cities and towns in Florida enforce the receipt and collection of their taxes on real and personal property in the same manner as provided by statute for the assessment and collection of state taxes.[6]

It is apparent from the foregoing that according to the law of Florida the real and personal property taxes assessed against the partnership property in 1946 became a lien on the property from the first day of that year. *First Bond & Mortgage Co.*, 27 B. T. A. 430 (1932). Nor is it objectionable that the tax liens should be effective as of January 1 of the tax year, even though the taxed property was not then assessed and the amount of tax fixed until later in the year and

---

[1] Florida Statutes of 1949, sec. 192.04 Property taxable as of January first, lien.—All real and personal property shall be subject to taxation on the first day of January of each year, and shall be a lien upon such property for the purposes thereof superior to all others, * * *

[2] Sec. 193.11 Assessment of real and personal property; assessors to visit precincts.— (1) Between the first day of January and the first day of July in each year, the county assessor of taxes in each county, * * * shall ascertain by diligent inquiry the names of all taxable persons in his county, and also all of their taxable personal property, and all taxable real estate therein, as of the first day of January of such year, and shall make out an assessment roll of all such taxable property. * * * Tax returns by owners or agents must be made between the first day of January and the first day of April. * * *

[3] Sec. 193.41 When taxes due; discounts if paid before certain time.—All taxes shall be due and payable on the first day of November of each and every year, or as soon thereafter as the assessment roll may come into the hands of the tax collector, * * *

[4] Sec. 193.49.

[5] Sec. 200.02 Time and circumstances under which tangible personal property taxes are a lien.—All tangible personal property taxes shall be a lien on all of the personal property of the taxpayer in the county in which they are assessed from the first day of January for which year the property is liable to assessment. * * *

[6] Sec. 167.43 To impose and collect taxes.—The city or town council may raise, by tax and assessment upon all real and personal property,. * * * all sums of money which may be required for the improvement and good government of the city, * * * and enforce the receipt and collection of the same in the manner now provided by the laws of the state for the assessment and collection of state taxes and licenses.

the tax was not payable until November of the taxable year. *United States* v. *Alabama*, 313 U. S. 274 (1941).

Accordingly, since under Florida law liens for both real and personal property taxes had become affixed to the property prior to its purchase by the partnership, the amounts paid to discharge the tax liability were not deductible by the partnership as "taxes paid" within the meaning of section 23 (c) (1). As the Supreme Court said in *Magruder* v. *Supplee, supra,* at 398:

A tax lien is an encumbrance upon the land, and payment, subsequent to purchase, to discharge a pre-existing lien is no more the payment of a tax in any proper sense of the word than is a payment to discharge any other encumbrance, for instance a mortgage.

*Decision will be entered for the respondent.*