**John Butler SMITH**

v.

**UNITED STATES of America.**

**Civ. A. 1191.**

United States District Court
D. New Hampshire.

Aug. 12, 1955.

Hale & Dorr, David Burstein, Frederick G. Fisher, Jr., Boston, Mass., for plaintiff.

Maurice P. Bois, U. S. Atty., Concord, N. H., Harlan Pomeroy, Special Asst. to Atty. Gen., for defendant.

CONNOR, Judge.

Action to recover $5,756.99, plus interest, of income tax paid by plaintiff for 1945. The facts, which have been stipulated, are as follows: The plaintiff owned a one-third undivided interest in three pieces of New Hampshire real estate during the years 1941 and 1942, and during 1943 until December 1. The remaining two-thirds was owned by his uncle, Norman B. Smith. Two of the properties were located in Concord, and the third in Manchester.

On April 1 of each of the years 1941 through 1943, the City of Concord assessed real estate taxes to "Smith, Norman B. Agt." and "Smith, Norman B. & al. Trs." against the Concord properties. On April 1, 1943, the City of Manchester assessed real estate taxes to "Smith, Norman B. et als." against the Manchester property. None of the assessments in question was made to the plaintiff by name, and in each case the tax bill was mailed to Norman B. Smith.

The Concord properties were sold to the city for the 1941 tax on September 25, 1942, and again on September 24, 1943, for the 1942 tax. On December 1, 1943, Norman B. Smith, for valuable consideration, conveyed his two-thirds interest in these three properties to the plaintiff by warranty deeds subject to all unpaid taxes assessed against said premises.

On December 8, 1943, plaintiff paid to the City of Manchester the real estate taxes assessed for 1943 against the Manchester property. In January, 1944, the plaintiff redeemed the Concord properties by paying to the City of Concord an amount representing the unpaid taxes, interest and costs assessed against the properties for 1941 and 1942, and also paid the real estate taxes assessed for 1943. The properties were used for business and apartment rental. In plaintiff's income tax returns for 1943 and 1944, the entire amount of the above taxes was deducted.

The Commissioner of Internal Revenue allowed the deduction of one-third of such payments, which represented plaintiff's share of the taxes, but disallowed the remaining two-thirds. The effect of such disallowance was to reduce plaintiff's net operating loss carry-over to 1945, and to increase his income tax liability for that year. The resulting deficiency was assessed and paid.

A timely refund claim was filed, alleging that the entire amount of back taxes was deductible on the ground that plaintiff was personally liable therefor. The present action followed, the refund claim not having been formally disallowed and more than six months having elapsed.

The plaintiff contends that the commissioner erred in refusing to allow these tax payments as a deduction from gross income under Title 26 U.S.C. § 23 (c) (1).

The essential question presented is whether the payment of the real estate taxes by the plaintiff was the result of his obligation as co-owner or was a capital expenditure in the process of acquiring clear title to the entire property. It has been held in Magruder v. Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555, that the vendee of real estate may not deduct real estate taxes if the vendor was personally liable therefor, or if there was a tax lien upon the property prior to the conveyance. In either event, their subsequent payment by the vendee is not the payment of taxes within the purview of Section 23(c) (1), supra. When Norman B. Smith conveyed his undivided two-thirds interest to the plaintiff, there were tax liens on the properties. While the assessments were ambiguous in their designation of the owners, I am of the view that Norman B. Smith was personally liable for the assessments against him and his interest. In this connection, it is to be noted that no assessments were made against the plaintiff, nor were any tax bills mailed to him.

Until such time as these taxes were paid, the plaintiff was not the owner of the property deeded to him. "A tax lien is an encumbrance upon the land, and payment, subsequent to purchase, to discharge a pre-existing lien is no more the payment of a tax in any proper sense of the word than is a payment to discharge any other encumbrance, for instance a mortgage. It is true that respondents here could not have retained the properties unless the taxes were paid, but it is also true that they could not retain them without paying the purchase price. It is no answer therefore to say that the property was burdened with the taxes and that respondents became obligated to pay them. There was a burden, but it was contractually assumed. In discharging this assumed obligation respondents were not paying taxes imposed upon them within the meaning of Section 23(c)." Magruder v. Supplee, supra, 316 U.S. 398, 62 S.Ct. 1165. The situation compels the finding that these payments were capital expenditures and were not deductible from annual gross income.

The contention of the plaintiff that, as ower of an undivided one-third interest, he was liable to meet the entire tax is refuted by Revised Laws of New Hampshire, Chapter 80, Section 32, permitting a part owner to pay his proportionate tax and to have his interest exempted from sale, or, if sold, to redeem by similar payment.

■ Moreover, if it be assumed that the plaintiff was obliged to pay these taxes, it is my view that the vendor's share was not deductible because there was preserved to the plaintiff the right to recover such portion from Norman B. Smith. See Glendinning, McLeish & Co. v. Commissioner, 2 Cir., 61 F.2d 950. A tenant in common who pays the entire tax has a right to seek contribution from his co-tenant, and under Revised Laws of New Hampshire, Chapter 74, Section 25, any person to whom any tax may be assessed upon property of another is accorded a lien upon such property until the tax is repaid, and may bring an action to recover the tax. If the plaintiff surrendered his inchoate right to contribution and/or reimbursement by accepting a conveyance subject to these taxes, such surrender was merely part of the consideration paid in order to obtain Norman B. Smith's interest in the properties.

It is urged by the plaintiff that if this payment does not fall within the purview of 26 U.S.C. § 23(c) (1), deduction was authorized by Section 23(a) (1) (A) as an ordinary and necessary expense in carrying on a business. The defendant contends that this issue is not before the court because this basis was not included in the refund claim.

■ It is fundamental that a taxpayer is precluded in a refund suit from urging any ground not included in his claim before the commissioner. Real Estate-Land Title & Trust Co. v. United States, 309 U.S. 13, 60 S.Ct. 371, 84 L.Ed. 542. The claim was general in its allegations, and no specific section of the Internal Revenue Code was cited as a basis for the allowance of the deduction. But it is unnecessary to point out the particular part of the statute so long as the facts are stated with sufficient clarity.

■ However, no need appears to resolve this question in the light of the above ruling that the outlay was clearly a capital expenditure. Such is not deductible from gross income as business expense. Hadley Falls Trust Co. v. United States, 1 Cir., 110 F.2d 887. This is particularly so where, as here, the expense was reimbursable. Glendinning, McLeish & Co. v. Commissioner, supra.

Accordingly, judgment will be entered for the defendant.