**Francis L. ROONEY and Irene Rooney, his wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 7819.**

United States District Court
N. D. California, N. D.

Oct. 4, 1960.

Howard & Prim and N. Richard Smith, San Francisco, Cal., for plaintiffs.

Laurence E. Dayton, U. S. Atty., and Thomas E. Smail, Jr., and Richard L. Carico, Asst. U. S. Attys., San Francisco, Cal., for defendant.

HALBERT, District Judge.

Plaintiffs have brought this action to recover money paid to defendant as the result of a Federal income tax assessment, which plaintiffs contend was erroneously levied against them. Jurisdiction is founded upon Title 26 U.S.C. § 7422, I.R.C. (1954) § 7422, and Title 28 U.S.C. § 1346. The case has been tried by the Court sitting without a jury. The relevant facts are simple and are not in substantial dispute.

Plaintiffs are hop farmers. They raised crops and sold them at a profit in 1952 and 1953. They raised a good crop in 1954. They transferred this latter

crop, together with the other assets of their farm, to F. L. Rooney, Inc. as of July 31, 1954, in exchange for all the stock of that corporation. Plaintiffs reported the expenses of raising the crop, up until July 31, 1954, on their return as individuals. They did not report the stock of the wholly owned corporation as being of any value. They thus claimed a loss for 1954, and carried it back to 1952 and 1953, in their returns as individuals. They reported the gross profit from sale of the crop as income to the corporation, without reporting any of the expenses of raising the crop prior to July 31, 1954. The District Director of Internal Revenue, in order to reflect clearly the income of plaintiffs and the corporation, reallocated the expenses of growing the crop to the corporation (I.R.C. (1939) § 45, 26 U.S.C. § 45).

The transfer as of July 31, 1954 was not an incident requiring or justifying the realization of gain, or loss, for Federal income tax purposes under the provisions of the law in force at that time (I.R.C. (1939) § 112(b) (5), 26 U.S.C. § 112(b) (5)). It is plaintiffs' contention that their return was justified by this fact, and that the Director had no authority to invoke § 45 of the 1939 Internal Revenue Code in such a way as to nullify § 112 of that Code.

In order to handle the property transfer in question in such a way as to recognize neither gain nor loss from the transfer, as required by § 112, supra, plaintiffs should have transferred the property at a cost valuation. The method which plaintiffs actually chose recognized a loss; and, moreover, it recognized a loss that did not, in reality, exist. The action of the Director under § 45, therefore, effectuated the purpose of § 112, rather than nullifying this latter section. To have been technically correct, plaintiffs should have reported the costs of growing the crop as their expenses, and reported the gross income from the sale of the crop by setting the value of the stock of the corporation equal to the cost basis of the assets transferred in exchange for the stock. If plaintiffs had

followed this procedure, the tax result would have been the same as that obtained by reason of the action which was taken by the District Director. Plaintiffs would have reported neither a net gain, nor a net loss, from their growing and disposition of the crop. The corporation could have off-set the cost of growing the crop against the profit derived from its sale.

The Director's action did not nullify or tend to nullify § 112, supra. Actually it achieved a matching of income and expenses incurred to earn that income. It, therefore, was well calculated to achieve the purpose of § 45, supra, to reflect clearly the income of plaintiffs (See United States v. Lynch, 9 Cir., 192 F.2d 718). The action of the Director was not in excess of his authority.

This case is closely parallel to Central Cuba Sugar Co. v. Commissioner, 2 Cir., 198 F.2d 214, in which the taxpayer transferred all its assets to a successor corporation after the expenses of raising a sugar crop had been incurred, and just before the crop was to be harvested. The Commissioner was held to have the power (and to have exercised it properly) to allocate the expenses to the successor corporation, although there was no tax avoidance motive for the transfer, and the timing was purely fortuitous. Because the taxpayer and successor corporation were controlled by the same interests, the crop had been transferred at a zero valuation. In an arms length transaction, the crop would have been treated as having some value, to offset the expense of raising it. The situation was held to be one in which the only proper course was allocation under the terms of § 45, supra.

The instant case, like Central Cuba Sugar Co. v. Commissioner, supra, is clearly distinguishable from Simon, J. Murphy Co. v. Commissioner, 6 Cir., 231 F.2d 639. In this latter case, one corporation transferred its assets to its sole shareholder on January 11, 1950. It had accrued taxes as operating expenses on January 1st of that year, as was proper under then existing law (Magruder v.

Supplee, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555). This expense was offset by but eleven days of income. Reallocation was declared to be not permissible, as the tax result under Magruder v. Supplee, supra, would have been no different in an arms length transaction between independent corporations. The case of Central Cuba Sugar Co. v. Commissioner, supra, was properly distinguished upon the ground that there the tax result of an arms length transaction *would* have been different. In the instant case, as in Central Cuba Sugar Co. v. Commissioner, supra, the tax result brought about by an arms length transaction would obviously have been different from, and incompatible with, the tax result urged by plaintiffs. Mr. Rooney frankly testified to what was obvious, namely, that he would never have transferred the crop at a zero valuation to an independent firm or individual.

The case of Diamond A. Cattle Co. v. Commissioner, 10 Cir., 233 F.2d 739, is not in point either, for it did not involve allocation of expenses under § 45, supra. Moreover, the taxpayer valued the cattle in that case by an accrual method. A fixed sum was accrued each year "as a cost of raising each critter." As the taxpayer accrued the costs of raising the cattle, "and in so accounting accrued and reported large amounts of income not received, representing to some extent at least, the increase and growth of the animals in its herds prior to the sale of those particular animals," his situation was entirely different from that of the plaintiffs' in the instant case.

It is, therefore, ordered that plaintiffs take nothing by this action, and that judgment in this case be, and it is, hereby entered in favor of defendant;

And it is further ordered that defendant prepare findings of fact and conclusions of law, a form of judgment, and all other documents necessary for the complete disposition of this case in accordance with the provisions of this memorandum and order, and lodge such documents with the Clerk of this Court pursuant to the applicable rules and statutes.