CLAUD R. YOUNG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Young v. Commissioner
Docket No. 22972-81.
United States Tax Court
T.C. Memo 1985-122; 1985 Tax Ct. Memo LEXIS 506; 49 T.C.M. (CCH) 981; T.C.M. (RIA) 85122; March 21, 1985. *506 Property taxes on real property owned by an unrelated corporation and paid by petitioner, an individual, were not imposed upon petitioner and are not deductible by him under section 164(a), I.R.C. 1954. Stanley R. Kirk, for the petitioner. Mark E. Rizik, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined a deficiency in the petitioner's income tax for 1976 in the amount of $30,522.11. The only issue for decision is whether certain property taxes, including interest, penalties, and fees, imposed upon real property owned by Providence Nursing Home, Inc., a Michigan Corporation ("Providence"), with the respect to the years 1972 through 1976 and paid by petitioner on November 1, 1976, are deductible under *507 section 164(a). [1] Petitioner has conceded all other adjustments contained in the notice of deficiency. This case is submitted fully stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Detroit, Michigan, when the petition was filed. Petitioner paid $58,533 on November 1, 1976, in satisfaction of delinquent real property taxes, including interest, penalties, and fees, owed to the City of Detroit and Wayne County, which taxes were imposed upon real property located in the City of Detroit for tax periods running from 1972 through 1976. The petitioner deducted this amount on his 1976 Federal income tax return under the heading of "Real Estate Taxes." During all relevant times prior to October 28, 1976, the subject real estate was owned by Providence. There is nothing in the record which shows any relationship between Providence and petitioner. On October 28, 1976, Providence transferred the subject real estate to Y.R.C. Company, a Michigan Partnership ("Y.R.C."), which immediately, *508 on the same date, transferred the property to young Manor Limited Dividend Housing Association, a Michigan Limited Partnership ("Young Manor"). Petitioner had a 90 percent interest in Y.R.C. and was entitled to share 90 percent of the distributive profits (losses) thereof. Young Manor was oganized on January 5, 1976, pursuant to a written agreement which showed petitioner as one of the general partners and as a limited partner. By amendment to the partnership agreement dated November 15, 1976, petitioner withdrew as a limited partner. The 1976 U.S. Partnership Return for Young Manor stated that petitioner's share of said limited partnership's distributive profit (loss) for 1976 was nine-tenths of one percent (.9%). Liens for all of the real estte taxes which are at issue here, were duly recorded and made a part of the public record prior to October 28, 1976. Petitioner, Providence, Y.R.C., and Young Manor, including all relevant partners, agents, and representatives, were aware prior to October 28, 1976, of the existence of the above-mentioned liens for the subject delinquent real estate taxes. Since neither petitioner nor his attorney appeared at the hearing (respondent's attorney *509 reported that petitioner's attorney was ill), and since despite several extensions of time, no legal brief has been filed with the Court by or on behalf of petitioner, the Court is unaware of petitioner's position in support of his deduction for these real estate taxes. In his petition, petitioner stated that the deductions were properly claimed "inasmuch as the Petitioner paid the real property tax liability during the taxable year and was the constructive owner of the property." It has been stipulated that petitioner paid the taxes, but there is nothing in the record to support a claim of constructive ownership. Respondent contends that although petitioner paid the taxes, they were imposed upon Providence, an unrelated taxpayer, and therefore, petitioner is not entitled to the deduction since section 164 allows a deduction for real property taxes only by the person upon whom they are imposed. We agree with respondent. Magruder v. Supplee,316 U.S. 394 (1942); Hynes v. Commissioner,74 T.C. 1266, 1289 (1980); Cramer v. Commissioner,55 T.C. 1125, 1130 (1971). All of the real property taxes which are at issue, were assessed and *510 became liens on the property prior to October 28, 1976. It has been stipulated that at all relevant times prior to that date, the property was owned by Providence, a separate entity from petitioner. The taxes were imposed on Providence, and thus seven though paid by petitioner, they may not be deducted by petitioner. [2]
The property passed momentarily through Y.R.C. in which petitioner had a 90 percent interest and came to rest at least for the remainder of the year 1976 in Young Manor in which petitioner had a .9 percent interest in profit (loss) for the year 1976. However, the real estate taxes were not imposed on either of these entities any more than they were imposed on petitioner, thus, neither of these entities can purport to claim the deduction, which would deny any distributive benefit to petitioner. Since petitioner has conceded all other adjustments contained in the notice of deficiency, Decision will be entered for respondent.
Footnotes
1. All refences to sections are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue.↩
2. We note in any event that charges for the late payment of taxes are not deductible as "taxes" under section 164↩.