PATRICK BROOKS, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brooks v. Commissioner
Docket No. 21335-89
United States Tax Court
T.C. Memo 1992-63; 1992 Tax Ct. Memo LEXIS 68; 63 T.C.M. (CCH) 1973; T.C.M. (RIA) 92063; February 3, 1992, Filed *68 Decisions will be entered under Rule 155. Patrick Brooks, Jr., pro se. Robert A. Baxer and Arthur Yellin, for respondent. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3). [1]
Respondent determined deficiencies in petitioner's Federal income tax as follows: for tax year 1984, a deficiency of $ 949 and for tax year 1985, a deficiency of $ 1,464, on the ground that a portion of the deductions for rental property were not allowable. Respondent, in his amendment to answer to amended petition, alleges in the alternative that petitioner has no ownership interest in the rental properties and is consequently not entitled to any deductions with respect to the property. Consequently, respondent claimed increased deficiencies pursuant to section 6214(a) as *69 follows: for 1985, $ 1,105, and for 1986, $ 2,196. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Wildwood, New Jersey, when he filed his petition. After concessions, the issues for our decision are whether petitioner is required to report income and entitled to deductions for expenses of two rental properties and, if so, in what amounts. Patrick Brooks, Jr., is a guidance counselor employed by the Wildwood, New Jersey, Board of Education. Since the time of his father's death, petitioner has lived with his mother at 321 West Garfield Ave., Wildwood, New Jersey, and has taken care of her and managed her property. In the years in question, petitioner claimed a dependency exemption for his mother on his Federal income tax returns. Petitioner's mother and father, Patrick and Ethel Brooks, bought two properties, which they held as tenants by the entirety. On June 15, 1961, property at 95 Lenox Ave., East Orange, New Jersey, was conveyed to them by deed; on September 10, 1966, property at 321 West Garfield Ave., Wildwood, New Jersey, was conveyed to them by deed. Patrick *70 Brooks, petitioner's father, died in approximately 1973. The deeds to these two properties are still registered in the names of Patrick Brooks and Ethel Brooks. Petitioner does not claim to have a recorded interest in these properties, but only that he is entitled to the deductions by virtue of his assuming responsibility for the properties; he and his mother have an understanding that the properties are to become his after her death. The property at 95 Lenox Ave. is a two-family house which is rented to two tenants, petitioner's brother, David Brooks, who pays a monthly rent of $ 300, and an unrelated person, Berta Shaw, who pays a monthly rent of $ 325. The property at 321 West Garfield Ave., where petitioner and his mother live, has two attached rental units with their own entrances; these units are rented primarily during the summer months. Respondent determined, in his notice of deficiency, that petitioner's brother was not paying a fair market value rent on his half of the 95 Lenox Ave. property and that, consequently, only 50 percent of the expenses of that property were deductible. Respondent also determined that a portion of the expenses of the 321 West Garfield Ave. *71 property should be disallowed, on the ground that only 25 percent, rather than 50 percent, of the expenses were allowable as deductions for the rental portion of the property. In the alternative, respondent determined that, if petitioner and his mother were cotenants of the properties, only half of the otherwise allowable deductions would be allowable to petitioner as his proportionate share of the deductions. In his amendment to answer to amended petition, respondent alleged that the deeds to the properties revealed that petitioner had no ownership interest in either property and was consequently not entitled to rental expense deductions in any amount. At trial, respondent conceded that petitioner's brother paid a fair market rent of $ 300 per month, but argued that petitioner had consequently underreported the amount of rental income received from the 95 Lenox Ave. property. In view of the fact that we find that petitioner was not an owner of either property, we do not reach the questions of the amounts of rental income received and the amounts of deductions allowable for the properties. Respondent's determinations in the notice of deficiency are presumed correct. Petitioner *72 has the burden of proving otherwise. Rule 142(a). However, respondent has the burden of proof concerning increases in the deficiencies asserted in his answer. Rule 142(a). Section 164(a) allows a deduction for real estate taxes paid in the taxable year; this item is generally deductible only by the person on whom the liability is imposed. Magruder v. Supplee, 316 U.S. 394 (1942); Cramer v. Commissioner, 55 T.C. 1125, 1130 (1971); sec. 1.164-1(a), Income Tax Regs. The same rule prevents the deduction of mortgage interest if the payor is not obligated to pay the mortgage. Sec. 1.163-1(b), Income Tax Regs. Only the person who bears the legal liability for expenses is allowed to deduct them. Tuer v. Commissioner, T.C. Memo. 1983-441 (daughter not entitled to deduct taxes and mortgage interest paid on behalf of incompetent father); Seale v. Commissioner, a Memorandum Opinion of this Court dated Jan. 18, 1950 (son not entitled to deduct taxes on real estate owned by mother, which mother had promised to give to him). Real property conveyed to husband and wife is presumed under New Jersey law to be held as tenants by *73 the entirety. N.J. Stat. Ann. sec. 37:2-18 (West 1968). The estate of tenancy by the entirety includes rights of survivorship whereby, upon the death of one cotenant, the survivor succeeds to ownership of the property by operation of law. Therefore, on the death of petitioner's father, ownership of the two properties was vested in petitioner's mother. Respondent has thus met his burden of proof regarding the disallowance of deductions for rental properties on the ground that petitioner had no ownership interest in the properties. Thus we hold that petitioner is not entitled to deductions for expenses of rental real estate owned by his mother, nor is he required to report the income from such properties. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩