**UNITED STATES of America, Appellant,**

v.

**The ALBERTSON COMPANY, a Corporation, Appellee.**

**No. 13734.**

United States Court of Appeals, Ninth Circuit.

Jan. 27, 1955.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, A. F. Prescott, Harvey M. Spear, Sp. Assts. to Atty. Gen., Washington, D. C., Laughlin E. Waters, U. S. Atty., E. H. Mitchell, Edward R. McHale, Asst. U. S. Attys., Los Angeles, Calif., for appellant.

Latham & Watkins, Austin H. Peck, Jr., Dana Latham, Los Angeles, Calif., for appellee.

Before STEPHENS and CHAMBERS, Circuit Judges, and McLAUGHLIN, District Judge.

McLAUGHLIN, District Judge.

This appeal involves federal income and personal holding company taxes for the years 1944 and 1945. The facts are not in dispute.

The Albertson Company, appellee, hereinafter referred to as the taxpayer, is a California corporation with its principal place of business in Los Angeles. The taxpayer purchased certain parcels of real property during the years 1923 to 1928, subject to tax liens. In acquiring these parcels, the taxpayer had to pay additional costs, such as escrow fees, recording fees, lighting assessments, commissions, title policy fees, and improvement assessments. The taxes and other charges due at the time of purchase were paid by the taxpayer.

In computing its federal income taxes for the years of acquisition, the taxpayer deducted these extra costs from its gross income. The deductions were allowed by the Commissioner of Internal Revenue with resulting tax benefits to the taxpayer.

In 1944 and 1945, the taxpayer sold some of these parcels of property. In computing the basis for determining gain or loss from these sales, for tax purposes, the taxpayer included the above mentioned taxes and other charges as part of the cost (unadjusted basis) of the properties. The Commissioner determined that the taxpayer could not include the above mentioned items in the basis of the properties sold during 1944 and 1945, and assessed additional income taxes and personal holding company surtaxes against the taxpayer for those years in the amount of $5,662.95, plus interest. The taxpayer paid the assessments, filed claims for refund, and upon disallowance brought this action.

From the judgment below in favor of the taxpayer, the United States appeals.

In computing gain or loss from the sale of property, § 111(a) provides that

the gain "shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b)." Section 113(b) states that the adjusted basis "shall be the basis determined under subsection (a), adjusted as hereinafter provided." Section 113(a) says that "The basis of property shall be the cost of such property." Section 113(b) (1) (A) provides that proper adjustment shall be made for "expenditures, receipts, losses, or other items, properly chargeable to capital account *but* no such adjustment shall be made for taxes or other carrying charges for which deductions have been taken by the taxpayer in determining net income for the taxable year or prior taxable years."[1] (Emphasis supplied.)

The United States claims that the taxpayer adjusted his basis in 1944 and 1945 for computing gain and loss under § 113(b) (1) (A). It asserts that the taxpayer's bare contract price was his cost under § 113(a), and the additional expenses incurred in the purchases were not part of his cost, but were adjustments to his cost under § 113(b) (1) (A). Thus the United States argues that since the taxpayer had already taken a deduction for these additional costs in his income tax returns during the prior years, the "but" clause of § 113(b) (1) (A) precludes him from now taking a second or double deduction.

The taxpayer claims, however, that the additional expenses incurred in the purchases were part of his original cost under § 113(a). Since he makes no adjustments under § 113(b) (1) (A), the contention is that there is no deduction now being taken which comes within the purview of the "but" clause.

The preliminary question is whether the additional expenses incurred in the purchases are part of the taxpayer's original cost under § 113(a), or adjustments to his cost under § 113(b) (1) (A).

Certain expenditures are chargeable to capital account and therefore may be capitalized. There is no dispute that all the additional expenses here involved are chargeable to capital account. Whether they are original cost

---

[1] The complete sections of the statutes referred to are as follows:

26 U.S.C. § 111(a), 1938, 52 Stat. 484:
"Sec. 111. Determination of amount of, and recognition of, gain or loss
"(a) Computation of Gain or Loss.—The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113(b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized."

26 U.S.C. §§ 113(a), 113(b), and 113(b) (1) (A), 1938, 52 Stat. 490, as amended 53 Stat. 44, 56 Stat. 827:
"Sec. 113. Adjusted basis for determining gain or loss.
"(a) Basis (Unadjusted) of property.—The basis of property shall be the cost of such property; except that—
\* \* \* \* \* \* \* \*
"(b) Adjusted Basis.—The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

"(1) General rule.—Proper adjustment in respect of the property shall in all cases be made—
"(A) For expenditures, receipts, losses, or other items, properly chargeable to capital account, but no such adjustment shall be made for taxes or other carrying charges for which deductions have been taken by the taxpayer in determining net income for the taxable year or prior taxable years;"
The predecessor of § 113(b) (1) (A) was originally contained in § 111(b) (1). It was transferred because Burlington Gazette Co. v. C. I. R., 1930, 21 B.T.A. 156, had construed § 111(b) (1) to apply only to gain or loss computed under § 111(a) and not to apply in the determination of the basis under § 113 which other sections of the Internal Revenue Code made reference to. This would have allowed some taxpayers to escape from adjusting their basis to its true value, especially in depreciation situations. House of Rep. Report No. 708, Seventy Second Congress, First Session, Internal Rev. Bull., Cum. Bull. 1939–1 (Part 2), pp. 457, 469; Senate Report No. 665, Seventy Second Congress, First Session, Cum. Bull., supra, pp. 496, 513.

under § 113(a) or adjustments to cost under § 113(b) (1) (A) depends upon the time when they were incurred. Expenses incurred in the acquisition of property are part of the purchase price and therefore are chargeable to cost. Magruder v. Supplee, 1942, 316 U.S. 394, 62 S.Ct. 1162, 86 L.Ed. 1555; Blackstone Theatre Co. v. C. I. R., 1949, 12 T.C. 801. Adjustments to cost refer to expenses incurred by the vendee subsequent to acquisition. Since each of the expenses here was incurred in the acquisition of the property, these expenses are part of the purchase price and therefore must be treated as the cost under § 113(a).

■ Our basic question, however, is whether the taxpayer can include within the unadjusted basis of the property under § 113(a), certain amounts for which he had already taken a deduction from his income tax in prior years. If the taxpayer is to be precluded from including these expenses in his unadjusted basis, it will be by virtue of the "but" clause in § 113(b) (1) (A). Section § 113(b) permits the taxpayer to make proper adjustments pursuant to § 113(b) (1) (A) after the unadjusted basis is determined under § 113(a). The "but" clause ensures that no such adjustments are to be permitted where they result in deductions taken twice by the taxpayer. However, this "but" clause applies only to those expenses which properly are adjustments under § 113(b) (1) (A). Here, the expenses involved are not adjustments under § 113(b) (1) (A). Therefore, the "but" clause does not apply to these expenses, and the taxpayer may properly include them in his unadjusted basis under § 113(a) in reporting his taxes for 1944 and 1945.

■ The taxpayer does not seek, in fact cannot seek, to adjust his basis pursuant to § 113(b) (1) (A). Section 113(b) refers him back to § 113(a) to determine his basis, and after § 113(a), he has nothing left to adjust under § 113(b) (1) (A). We do not doubt for a moment that the taxpayer presented as part of his unadjusted cost basis the original contract price which includes certain items for which he received prior income tax deduction benefits. The original deduction was a mutual error by the Commissioner and the taxpayer. This does not make it any less a deduction. Accord: Comar Oil Co. v. Helvering, 8 Cir., 1939, 107 F.2d 709. However, the original deductions were innocent errors, and no principles of estoppel bar him from reporting the entire price at the present time. Salvage v. C. I. R., 2 Cir., 1935, 76 F.2d 112.

■ We hold that § 113(b) (1) (A) prohibiting double deduction is not here applicable. Items of original cost deducted in error in prior years continue to remain for tax purposes as part of the original cost or unadjusted basis provided elements of estoppel are absent. Cf. S. C. Toof & Co. v. C. I. R., 1930, 21 B.T.A. 916, 939; Law of Federal Income Taxation by Jacob Mertens, Jr., Vol. 3, § 21.168, p. 616.

The judgment is affirmed.