James G. SMYTH, United States Collector of Internal Revenue, Appellant,

v.

John A. SULLIVAN, Executor of the Estate of Emma L. Merritt, Deceased, Appellee.

No. 14165.

United States Court of Appeals Ninth Circuit.

Oct. 31, 1955.

H. Brian Holland, Asst. Atty. Gen., Louise Foster, David O. Walter, Robert N. Anderson, Ellis N. Slack, Spe. Assts. to Atty. Gen., Lloyd H. Burke, U. S. Atty., George A. Blackstone, Asst. U. S. Atty., San Francisco, Cal., for petitioner.

Charles J. Leighton, Jr., San Francisco, Cal., Willard C. Mills, Washington, D. C., for respondent.

Before DENMAN, Chief Judge, POPE, Circuit Judge, and CLARK, District Judge.

DENMAN, Chief Judge.

The Collector appeals from a judgment of the District Court ordering that the Executor taxpayer be refunded income taxes in the sum of $10,287.52 plus $1,-388.82 interest which had been collected by the Collector, as due for the calendar year 1946. The District Court found that this sum was erroneously collected as taxes upon profits realized from the sale in 1946 of capital investments in two parcels of real property in San Francisco, California, one known as "553 Market" and the other as "Merrie Way".

This property came under the executor taxpayer's charge in November, 1938, when the appraised value of the estate was smaller than the estate's lia-

bilities. The executor therefore determined to hold the property until a more advantageous sale was possible. He held the two parcels from 1938 until they were sold in 1946 for an amount exceeding the estate's liabilities. We hold that the administration of the properties until their sale is a single integrated transaction. Cf. Sloane v. Commissioner of Internal Revenue, 6 Cir., 188 F.2d 254, 263, 29 A.L.R.2d 580.

The District Court, in determining the net income for 1946, allowed the addition of $7,990.41 of carrying charges to the basis of the properties. No deduction had been taken for these charges during the seven years the executor had held the parcels. The Court also ruled that $30,-673.68 of carrying charges were to be considered recoverable expenditures under Internal Revenue Code 22(b) (12), 26 U.S.C. § 22(b) (12) and therefore excluded from the estate's gross income for 1946. Deductions had been taken for these charges but they resulted in no tax benefit to the estate.

A. *The $7,990.41 of expenditures for which the executor made no tax deductions in the prior tax years.*

█ This total consists of two amounts, $5,421.59 expended in 1948 (T. 19) and a balance later deducted of $2,-568.82.

The pertinent provision of the Internal Revenue Code concerning this 1938 expenditure as an addition to the cost of the two parcels sold are:

"§ 111. Determination of amount of, and recognition of, gain or loss.

"(a) *Computation of gain or loss.* The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provid-

ed in section 113(b) for determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized." 26 U.S. C. § 111.

The applicable provisions of Section 113(b) are as follows:

"(b) *Adjusted basis.* The adjusted basis for determining the gain or loss from the sale or other disposition of property, whenever acquired, shall be the basis determined under subsection (a), adjusted as hereinafter provided.

"(1) *General rule.* Proper adjustment in respect of the property shall in all cases be made—

"(A) For expenditures, receipts, losses, or other items, *properly chargeable to capital account,* but no such adjustment shall be made for taxes or other carrying charges * * * for which deductions have been taken by the taxpayer in determining net income for the taxable year or prior taxable years * * *." [Emphasis supplied]. 26 U.S.C. § 113(b).

The executor having elected not to take a deduction of these expenditures from the estate's income for 1938 is entitled to add this amount to the cost of the two parcels in determining the gain from the sales thereof. It is a "proper adjustment" under Section 113(b).

█ As to the remaining expenditure of $2,568.82, the executor admits that he has not sustained his burden of proof as to the years in which it was expended. We are required to assume that he made them after the year 1942 when Section 130 of the Revenue Act of 1942 [1] author-

---

1. "§ 24. Items not deductible
"(a) General rule. In computing net income no deduction shall in any case be allowed in respect of—
* * * * * *
"(7) [As added by Sec. 130 of the Revenue Act of 1942, supra.] Amounts paid or accrued for such taxes and carrying charges as, under regulations pre-

scribed by the Commissioner with the approval of the Secretary, are chargeable to capital account with respect to property, if the taxpayer elects, in accordance with such regulations, to treat such taxes or charges as so chargeable. * * * [26 U.S.C. 1946 ed., Sec. 24.] "
Treasury Regulation 111 Sec. 2922(b) (12)–1 provides in sub. par. (c):

ized the Commissioner to make his regulation requiring the taxpayer to express, by filing in the return of the year of expenditure, his election either to deduct it in that year or treat it as chargeable to capital account. This he did not do. The district court erred in deducting this latter amount.

■ B. *The District Court properly held "not to be included" in the gross income of the taxpayer for the year 1946 the $30,673.68 deducted in prior tax years without tax benefit.*

The parties agree that this $30,673.68 of the deductions in prior tax years gave the taxpayer no tax benefits. The Collector contends, inter alia, that the regulations relied upon by the District Court are not applicable because this expenditure in the course of the administration of the capital investments was not a part of a single integrated transaction.

The District Court considered this a question of tax accounting methods, took the testimony of experts in tax accounting and upon sufficient evidence held that the estate's administration of the properties involved was such a single integrated transaction.

The case is like Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248, where taxpayer had suffered a loss on stock, the deduction of which produced no tax benefit to taxpayer. In a later year he recovered damages from his vendor and excluded this recovery from his gross income. The Supreme Court held that this was proper; the taxpayer had enjoyed only a return of capital.

Pertinent to this is the dictum in Sloane v. Commissioner, 6 Cir., 188 F.2d 254, 262, 29 A.L.R.2d 580, concerning the necessary relationship between the events causing the loss and recovery:

"In the Dobson case, the Supreme Court made it clear that it was 'not adopting any rule of tax benefits', but was holding only that 'no statute or regulation having the force of one and no principle of law compels the Tax Court to find taxable income in a transaction where as matter of fact it found no economic gain and no use of the transaction to gain tax benefit.' 320 U.S. 506, 64 S.Ct. 249, 88 L.Ed. 248. Here, the tax court pointed out that one certain requirement for invoking the tax benefit rule is that there be such an interrelationship between the event which constitutes the loss and the event which constitutes the recovery that they can be considered as parts of one and the same transaction. The tax court stated that in all cases cited by the petitioner as authority for applying the concept that where there is no economic gain there is no taxable income, the factual situations revealed a close integration of events producing the loss and the gain; and that in each instance the property on which the loss was suffered could be traced into the transaction producing the gain."

Burnet v. Sanford & Brooks Co., 282 U.S. 359, 51 S.Ct. 150, 75 L.Ed. 383, in which a corporation was denied the deduction from the profits of a tax year of its losses in the normal course of business in prior years, does not present the situation of the single integrated transaction of an executor endeavoring to take his estate out of bankruptcy by waiting for a sale at an increased valuation of the two parcels of land in question. If it does so hold it is overruled by the Dobson case.

The District Court held the $30,673.68 to be excluded from the gross income of

"Manner of exercising election.—If the taxpayer elects to capitalize an item or items under this section, such election shall be exercised by filing with the original return a statement for that year indicating the item or items (whether with respect to the same project or to different projects) which the taxpayer elects to treat as chargeable to capital account (either as a component of original cost or other basis, for the purposes of section 113(a), or as an adjustment to basis, for the purpose of section 113(b) (1) (A) )."

the tax year 1946, relying upon 26 U.S. C. 22(b) (12) and the Commissioner's regulations thereunder 29.22(b) (12)–1. 26 U.S.C. § 22(b) (12), so far as pertinent, provides:

"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

\*   \*   \*   \*   \*

"(12) [As added by Sec. 116(a) of the Revenue Act of 1942, c. 619, 56 Stat. 798.] Recovery of bad debts, prior taxes, and delinquency amounts. Income attributable to the recovery during the taxable year of a bad debt, prior tax, or delinquency amount, to the extent of the amount of the recovery exclusion with respect to such debt, tax, or amount. For the purposes of this paragraph:

\*   \*   \*   \*   \*

"(B) Definition of prior tax. The term 'prior tax' means a tax on account of which a deduction or credit was allowed for a prior taxable year.

\*   \*   \*   \*   \*

"(D) Definition of recovery exclusion. The term 'recovery exclusion,' with respect to a bad debt, prior tax, or delinquency amount, means the amount, determined in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, *of the deductions or credits allowed,* on account of such bad debt, prior tax, or delinquency amount, *which did not result in a reduction of the taxpayer's tax under this chapter* (not including the tax under section 102) or corresponding provisions of prior revenue laws, reduced by the amount excludible in previous taxable years with respect to such debt, tax, or amount under this paragraph. \* \* \*" (Emphasis supplied).

The Commissioner's regulation (29.22 (b) (12)) made pursuant to the last above paragraph, so far as pertinent, reads:

"Sec. 29.22(b) (12)–1 [as amended by T.D. 5454, 1945 Cum. Bull. 68]. Recovery of Certain Items Previously Deducted.—(a) In general.—Section 22(b) (12) provides that income attributable to the recovery during any taxable year of bad debts, prior taxes and delinquency amounts shall be excluded from gross income to the extent of the 'recovery exclusion' with respect to such items. The rule of exclusion so prescribed by statute *applies equally with respect to all other losses, expenditures, and accruals made the basis of deduction from gross income for prior taxable years,* including war losses referred to in section 127, but not including deductions with respect to depreciation, depletion, amortization, or amortizable bond premiums. See Dobson v. Commissioner, 64 S.Ct. 239). \* \* \*"

\*   \*   \*   \*   \*

"(2) Definition of 'recovery.' Recoveries result from the receipt of amounts in respect of the previously deducted or credited section 22(b) (12) items, such as from the collection or sale of a bad debt, refund or credit of taxes paid, or cancellation of taxes accrued. \* \* \*" (Emphasis supplied).

The regulation thus includes "all other losses and expenditures" such as the interest included in the $30,673.68. There is no merit to the Commissioner's contention that interest is not a part of the exclusions of the statute.

Contrary to appellee's contention, we think the statement of points adequately raises the above issues. The judgment is affirmed save as to the exclusion of $2,568.82. The case is remanded to the District Court to determine the tax refund based upon the exclusion of that amount.