Benjamin Phillip Martin, Mildred Ruth Martin v. Commissioner.
Martin v. Commissioner
Docket No. 77759.
United States Tax Court
T.C. Memo 1960-140; 1960 Tax Ct. Memo LEXIS 144; 19 T.C.M. (CCH) 724; T.C.M. (RIA) 60140; June 30, 1960
Benjamin Phillip Martin, pro se, 1249 Lime Drive, Sunnyvale, Calif., Cyrus A. Johnson, Esq., for the respondent. WITHEY
Memorandum *145 Findings of Fact and Opinion WITHEY, Judge: The respondent determined a deficiency in petitioners' income tax for 1956 in the amount of $507. The issues raised by the pleadings and not disposed of by stipulation are the correctness of the respondent's action in disallowing the following deductions taken by petitioners in their return for 1956: (1) Expenses paid in connection with
the sale of a personal residence
$1,372
(2) Expenses paid for travel, meals,
and lodging while investigating
real estate
261
(3) Rental paid on dwelling while
awaiting completion of new resi-
dence
$ 240
(4) Expenses paid in connection with
purchase of residence
413
(5) An amount claimed as a medical
expense deduction for baby sitters
while receiving medical treatment
120
General Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioners are husband and wife residing at Sunnyvale, California, who filed their joint income tax return for 1956 with the district director at San Francisco, California. Sometimes hereinafter the term petitioner will be used to refer to petitioner Benjamin Phillip Martin. Petitioner was employed during *146 1956 by Lockheed Aircraft Corporation as a research engineer. During 1956, at the request of petitioner's employer, he and his family were transferred from their home in Long Beach, California, to Sunnyvale, California. Lockheed Aircraft Corporation paid petitioner: (1) for the shipment and storage of his household goods, (2) for his personal travel expenses in the amount of $29.60, and (3) a per diem allowance totaling $930.00. Issue 1. Property Sale Expenses Findings of Fact In connection with the relocation of his residence from Long Beach, California, to Sunnyvale. California, petitioner paid the following amounts as expenses necessary to the sale of his house in Long Beach: Item
Amount
Advertising and phone
$ 82
Fee to buyer's lender
490
Termite report
12
Realtor's commission
640
Title insurance
70
Internal revenue stamps
14
Beneficiary statement
5
Recording fee
2
Preparation of documents
3
Escrow fee
54
Total
$1,372
Opinion Petitioners claim that they are entitled to the deduction of the items of expense listed above which were connected with the sale of their residence in Long Beach, California, since the disposition of this *147 property was necessitated by the relocation of petitioner's home and place of employment. These expenses, however, including such items as cost of advertising and telephone, realtor's commission, cost of title insurance, preparation of documents, and escrow fee, long have been held to be in the nature of capital expenditures and are therefore not deductible but can be offset against the selling price, thereby reducing any gain realized from the sale of the property. Seletha O. Thompson, 9 B.T.A. 1342; Mrs. E. A. Griffin, 19 B.T.A. 1243; Samuel C. Chapin, 12 T.C. 235, affd. 180 F. 2d 140. This is in line with respondent's regulations which, in pertinent part, provide as follows: "The amount of the items which, in determining the gain from the sale of the old residence, are properly an offset against the considerations received upon the sale (such as commissions and expenses of advertising the property for sale, of preparing the deed, and of other legal services in connection with the sale); * * * [Income Tax Regs., sec. 1.1034-1(b)(4)(i).]" The expenses paid by petitioner in connection with the *148 sale of his Long Beach residence in 1956 are not properly deductible but may be used to reduce any gain realized from such sale. Issue 2. Cost of Locating New Residence Findings of Fact After selling his former residence in Long Beach, petitioner made several trips to Sunnyvale in search of a new home. In connection with these trips petitioner paid the following amounts as expenses for travel, meals, and lodging while investigating a new residence in Sunnyvale: Item
Amount
Air travel expense for home hunting
$ 74
Cab to airport
6
Meals during home-hunting trip and
prior to completion of new home
84
Motel (same period as above)
48
Baby sitter while traveling to new
area for home hunting
23
Phone calls to builder
26
Total $261
Opinion The petitioners claimed deductions for the foregoing amounts on their joint income tax return for 1956 on the ground that those expenditures represented employee's traveling expenses under section 162(a)(2) of the Internal Revenue Code of 1954. [1] The cost of travel, meals, and lodging paid or incurred by an employee while away from home in performance of services as an employee are clearly *149 deductible under section 162 of the Code. However, the items of expense here in question were paid solely for the purpose of investigating and locating a suitable personal residence for the petitioner and his family and, consequently, were clearly made for a purpose which is primarily personal in nature, rather than in the pursuit of a trade or business. Such expenses are not deductible. Section 262, I.R.C. 1954. See also section 1.162-2(b)(1) of the Income Tax Regulations which provide - "If the trip is primarily personal in nature, the traveling expenses to and from the destination are not deductible even though the taxpayer engages in business activities while at such destination. * * *" Issue 3. Rental Expense Findings of Fact While *150 petitioners were awaiting completion of their new home which was being constructed at Sunnyvale and subsequent to the sale of their former home in Long Beach, they rented another dwelling for a period of 2 months. The cost of the rental for the 2-month period was $240. Opinion The petitioners claimed the rental expense in the amount of $240 as a deduction on their return for 1956. It is the petitioner's contention that he is entitled to such a deduction since the rental expense was necessitated by and connected with the relocation of his place of employment. This, however, is purely a personal expense and is not deductible under the provisions of section 262 of the 1954 Code, which provides: "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses." Issue 4. Cost of Purchase of New Residence Findings of Fact In connection with the purchase of a new residence in Sunnyvale, petitioner paid $400 for closing costs and a credit investigation and $13 as the cost of connecting utilities. Opinion Petitioners deducted on their 1956 return $413 representing amounts paid by them during that year for the expense *151 of connecting utilities, closing costs, and a credit investigation connected with the acquisition of their new residence in Sunnyvale. These items, however, are not deductible under the terms of the 1954 Code but rather are in the nature of capital expenditures which may be added to the basis of the new residence. Section 1012, I.R.C. 1954; see United States v. Albertson Company, 219 F. 2d 920. Section 1.1034-1(c)(4)(i) of the Income Tax Regulations provides in part as follows: "Commissions and other purchasing expenses paid or incurred by the taxpayer on the purchase of the new residence are to be included in determining such cost." * * * The respondent's disallowance of the foregoing items claimed by petitioners as deductions in their return for 1956 must be sustained. Issue 5. Medical Expenses: Cost of Baby Sitters Opinion Petitioners claim on their income tax return for 1956 a deduction in the amount of $120 representing the cost of baby sitters which petitioner contends were hired while Mildred Martin was undergoing medical treatment. The petitioner has not established that this or any amount actually *152 was expended during 1956 for the purpose of enabling petitioner Mildred Martin to receive medical treatment. The only testimony on this point was given by petitioner as follows: "THE WITNESS: The only other part which hasn't been touched upon thus far is the amount paid for baby sitter, which permitted receiving medical care. "This, like some of the other expenses, I have no substantiation for. These were small amounts like four or five dollars at a time, spread over the entire year, and there again, even if I had a receipt from someone for baby sitter, it would not be true anyway for someone receiving medical care." "THE COURT: How did you arrive at the total amount you claim in your income tax return? "THE WITNESS: It was based over the year for about 30 trips at about $4.00 each for baby sitter." Clearly, petitioner has not shown the nature of the treatment which he claims constitutes medical care. If the petitioner Mildred Martin hired baby sitters so as to enable her to visit a physician, the record before us does not so indicate. In applying the term "medical care," we have previously observed in John L. Seymour, 14 T.C. 1111, at page 1117. "To be allowable, *153 the expense must come within the statute. The statute deals with "expenses paid for medical care of the taxpayer." Not every expenditure prescribed by a physician is to be catalogued under this term, nor is every expense that may be incurred for the physical comfort of a party a medical expense." * * * In George B. Wendell, 12 T.C. 161, we held that salaries paid by the taxpayer for the purpose of hiring practical nurses to care for an infant whose mother had died in childbirth (the child himself being normally healthy) were not properly deductible as a medical expense under section 23(x) of the 1939 Code. The petitioners therefore have not established either the amount or purpose of the expenditures claimed as a medical expense deduction on their 1956 return and the respondent's disallowance thereof is sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; * * *↩