Michael August and Reba M. August, his wife v. Commissioner.
August v. Commissioner
Docket No. 368-62.
United States Tax Court
T.C. Memo 1964-6; 1964 Tax Ct. Memo LEXIS 329; 23 T.C.M. (CCH) 24; T.C.M. (RIA) 64006; January 14, 1964
D. Arthur Magaziner, 1616 Walnut St., Philadelphia, Pa., for the petitioners. William J. Hagan, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioners' 1950 income tax in the amount of $1,803.04. The issue is whether in computing gain on the sale of real estate in 1949 and 1950 petitioners can include in the adjusted basis, the real estate taxes paid during prior years, to the extent that the tax deductions for said years did not result in income tax benefits. Findings of Fact Some of the facts have been stipulated and they are found accordingly. Petitioners, who live in Philadelphia, Pennsylvania, filed joint income tax returns with the collector of internal revenue for the first district of Pennsylvania for each of the taxable *330 years 1943 through 1950. Petitioners purchased a vacant lot at Frankford Avenue and Charles Street, Philadelphia, Pennsylvania, in 1929 at a cost of $70,000 to which they made improvements at a cost of $1,552.91 in 1931 and 1932. Petitioners in the taxable year 1943 paid real property taxes due and payable prior to 1943 on the Frankford Avenue property in the amount of $5,542 and taxes due and payable in 1943 in the amount of $2,317.25, for a total of $7,859.25. In the year 1944 petitioners paid on the Frankford Avenue property real property taxes in the amount of $23,852.01, of which $1,934.88 represented current taxes and $21,917.13 represented taxes in arrears. In 1947 petitioners paid real estate taxes on the Frankford Avenue property in the sum of $2,977.30. Petitioners owned other real property at Germania Park, Ocean City, New Jersey, which they had acquired in 1930. In the 1943 tax return the entire amount of real property taxes paid with regard to the Frankford Avenue property was deducted, this being $7,859.25. This, along with the claimed loss on the Germania Park property which included real property taxes paid of $2,706.95 for a net loss of $2,023.74 on that property, *331 resulted in a net loss from rents and royalties of $9,891.67. This was offset against other income of $3,875.52. As a result there was no tax liability in 1943. In 1944 the entire amount of back taxes, as well as current taxes, paid in that year on both the Frankford Avenue property and the Germania Park property was deducted. The deduction on account of the Frankford Avenue property was $23,860.69, and on account of the Germania Park property a net loss of only $112.07 was deducted. On account of the latter property there was received $1,250 in rent but the property gave rise to other deductions. This was offset against other income in excess of $14,000. In 1945 there were real estate taxes paid on the Frankford Avenue property of $1,943.88 which taxes were deducted and offset by other income of the petitioners. As a result there was no tax liability. In 1946 there were also taxes deducted on the Frankford Avenue property of $1,943.88. This was absorbed against other income, a tax benefit to the petitioners. The Frankford Avenue property was sold in three separate transactions by the petitioners and reported in their tax returns on Schedule D as follows: Date
Selling
Cost or
Expense
50% of
Sold
Frontage
Price
Other Basis
of Sale
Gain
Gain
1/1/48
250 ft.
$100,000
$39,621.96
$ 197.75
$60,180.29
$30,090.14
8/3/49
50 ft.
20,000
7,924.50
32.75
12,042.75
6,021.38
10/6/50
250 ft.
100,000
42,633.08
10,160.50
47,206.42
23,603.21
Total
$90,179.54
*332 The above total adjusted basis of the Frankford Avenue property as computed by the taxpayers was composed of the following items: Original cost of acquisition
$70,000.00
Improvements
1,552.91
Part of real estate taxes paid in 1943
6,016.15
Part of real estate taxes paid in 1944
9,633.18
Real estate taxes paid in 1947
2,977.30
Total
$90,179.54
On their tax return for the taxable year 1948 the petitioners added part of the real property taxes paid in 1943 and 1944 and real property taxes paid in 1947 to their basis of the Frankford property. The full amount of the 1947 taxes had been deducted by the petitioners on their return for that year, but the deduction resulted in no tax benefit because the taxpayers had already a loss of $29,936.75 for that year not connected with the real estate. Costs were allocated over the entire lot and applied pro rata on a front foot basis for each of the sales of fractional portions in 1948, 1949 and 1950. The adjusted basis for petitioner's entire lot, a fraction of which was sold in 1950, as computed in respondent's determination of deficiency eliminates the items of real property taxes paid in 1943, 1944 and 1947 *333 but includes petitioners' land cost, $70,000 and improvements, $1,552.91. The petition alleges error in respondent's failing to treat said tax payments as items of cost, to be added to the other undisputed cost items, in determining long-term capital gain on the 1950 sale. Opinion Petitioners owned a lot at Frankford Avenue and Charles Street in Philadelphia, Pennsylvania, portions of which were sold in 1948 and 1949, for $100,000 and $20,000, respectively. The remaining portion was sold in 1950 for $100,000. All three portions are merely described as so many feet of "frontage". In computing their gains on all three of these sales, petitioners started with their computed basis for the entire lot and allocated and applied this pro rata on a front foot basis to the portion sold in each of the years 1948, 1949 and 1950. While we are only concerned with 1950 income, a capital loss carry-over from 1949 is involved. We understand that all issues in this case will be resolved by finding the correct basis to be used for the entire lot. At least petitioner does not dispute respondent's computation of 1950 tax if it be held the correct basis for the entire lot does not include the portions *334 of real estate taxes paid on the lot in 1943, 1944 and 1947, in the amounts of $6,016.15, $9,633.18 and $2,977.30, respectively. The items of original purchase price and cost improvements to the property are not in dispute. The amounts of taxes for 1943 ($6,016.15) and 1944 ($9,633.18) which petitioner would add to basis represent the portions of larger real estate tax payments on this lot that were not necessary to absorb other income reported in those years. The amount of tax for 1947 ($2,977.30) which petitioners would add to basis is the full amount of real estate taxes on this lot paid that year. In that year petitioners reported $5,000 income and a $29,936.75 loss from the sale of a partnership. Petitioners would add to basis the full amount of the 1947 taxes they paid on the lot because the tax deduction that year was not necessary to absorb income, because of the deductible loss they sustained that year. In short, what petitioners contend, at least with respect to 1943 and 1944 tax payments, is the right to split taxes paid, using part of them as a deduction against ordinary income in the years paid and part as an addition to basis. It is conceded petitioners did not own *335 this Frankford Avenue property as part of any real estate business. The tax payments were made deductible by section 23(c)(1), Internal Revenue Code of 1939. But we know of no statute which permits such a property owner to capitalize so-called "unused" portions of such tax payments that were not necessary to cancel income. No law granting such permission is cited in petitioners' brief. The two cases cited by petitioners ( United States v. The Albertson Co., 219 F. 2d 920, and Smyth v. Sullivan, 227 F. 2d 12) involve issues and principles which have no bearing at all on the situation here. Section 24(a)(7), Internal Revenue Code of 1939, gives some permission for the capitalization of taxes but this permission is circumscribed by regulations requiring an election and the manner of exercising it (Regs. 111, § 29.24-5). It is conceded here that petitioners are not proceeding under this statute or the regulations that implement it. Petitioners make some sort of an argument that the issue here should be resolved in their favor because of the actions or concessions of the Commissioner in other actions involving prior years. The record shows petitioners settled *336 an earlier tax case (Docket No. 36729) pending in this Court with respect to their taxable years 1945 and 1948. This case had been consolidated with respect to their taxable years 1945 and 1948. This case had been consolidated with three other prior cases involving related taxpayers and all four cases resulted in stipulated deficiencies. Petitioners make no plea of estoppel and disclaim any contention of res adjudicata. It is their contention on brief that some issue with respect to their use of tax payments on the lot was involved in Docket No. 36729 "and that both the Petitioners and the Commissioner of Internal Revenue, on July 1, 1960, intended to settle and compromise and actually did settle and compromise all issues of fact and law relating to the real estate taxes aforesaid, and the carry-forward deduction thereof." There is no use pursuing the irrelevant argument advanced by petitioners. It is enough to say we are here concerned with the year 1950 and nothing that occurred in settlement negotiations that resulted in stipulated deficiencies in earlier years bars the Commissioner from asserting the deficiency here. Petitioners' contention is without merit. Decision will *337 be entered for the respondent.