DURST PRODUCTIONS CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10867. Promulgated June 27, 1947.

*Nathan Heims, C. P. A.*, for the petitioner.
*Scott A. Dahlquist, Esq.*, for the respondent.

OPINION.

OPPER, *Judge*: Deficiencies of $736 and $4,713.26 in declared value excess profits tax and excess profits tax, respectively, for the taxable year ending May 31, 1944, are involved. The single issue is whether the New York State franchise tax, payable partly in September 1944, and partly thereafter, is deductible by an accrual basis taxpayer for its fiscal year ending prior thereto. All of the facts were stipulated and are hereby so found.

Petitioner is a New York corporation. It filed its tax returns on an accrual basis and for a fiscal year ending May 31, with the collector for the second district of New York.

Effective March 31, 1944, there was enacted an amended New York State franchise tax provision. Article 9A New York Consolidated Laws, secs. 208–219. Without setting out the entire legislation, it appears to be agreed by both sides that in the case of petitioner it required the filing "within four months after the close of its fiscal year" on May 31, 1944, of a report based upon its operations for that year; and that the tax, computed by reference to petitioner's income for that year, was due one-half at that time and the balance "the succeeding fifteenth day of November or within thirty days after notice * * *." Petitioner filed its return accordingly on September 4, 1944, and paid $1,950.39 of the controversial tax at that time, and the balance, $1,950.38 on March 2, 1945.

Since computation of the franchise tax was fixed by the income of fiscal 1944, and the obligation to pay was inescapable when the year ended, we think the tax was accruable on the last minute of that year. *United States* v. *Anderson*, 269 U. S. 422. The fact that the tax was not yet due would not prohibit its accrual. See G. C. M. 25202, —— C. B. —— (1947 I. R. B. No. 8, p. 2). Respondent concedes that the liability was present because petitioner continued in business

and inferentially admits, although contending for its immateriality, that petitioner would have been equally liable even if it had ceased to operate. The tax being calculated on the amount of earnings for the year in issue, its charge against those earnings seems to accord with the theory of accrual. *United States* v. *Anderson, supra.* And that treatment follows respondent's own position under the comparable provisions of a Tennessee enactment. G. C. M. 25202, *supra;* cf. I. T. 3151, 1938–1 C. B. 126. We conclude that petitioner's deduction of the tax as an accrued liability was proper and that respondent's determination must accordingly be disapproved.

*Decision will be entered under Rule 50.*