CENTRAL INVESTMENT CORPORATION (A CORPORATION), PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7959. Promulgated July 30, 1947.

*Joseph D. Brady, Esq.*, and *Thomas R. Dempsey, Esq.*, for the petitioner.

*H. A. Melville, Esq.*, for the respondent.

## OPINION.

HILL, *Judge*: The problem for our determination is whether the California franchise tax imposed for the privilege of doing business during 1944 is deductible for Federal tax purposes in 1944, as respondent contends, or is deductible in 1943, the year giving rise to the income which furnishes the measure for the tax, as petitioner contends.

California imposes a tax on corporations for the privilege of doing business in the state during a given year, which year of privilege is designated the "taxable year." The tax so imposed is, with certain exceptions not here material, a percentage of the income of the preceding year, which preceding year is designated the "income year." Prior to 1943 the tax, by the terms of the act, accrued and a lien therefor attached on the first day of the "taxable year." By amendment in 1943 it was provided that the tax accrued and a lien therefor attached on the last day of the "income year." It is this amendment which gives rise to the present problem.

Petitioner, being on an accrual and calendar year basis, contends that the franchise tax imposed for the privilege of doing business in 1944, the "taxable year," by its own terms accrued December 31, 1943, and a valid lien under local law attached at that time. Petitioner argues from this that such tax was properly accrued and deducted by it in 1943 for Federal tax purposes.

Petitioner's argument relies heavily on the fact that a valid lien under local law attaches on the last day of the "income year." Petitioner then cites the following cases which petitioner interprets as

standing for the proposition that the proper date to accrue liability for taxes, for purposes of deduction under section 23 (c), Internal Revenue Code, is the date when the lien to secure the payment of such taxes attaches, even though the taxes have not yet been assessed and are not yet due and payable. *Magruder* v. *Supplee*, 316 U. S. 394; *California Sanitary Co. Ltd.*, 32 B. T. A. 122; and *Crown-Zellerbach Corporation*, 43 B. T. A. 541. These cases are not considered applicable to the instant situation. They involved generally the question of who was liable for local property taxes as between transferor and transferee. In *Magruder* v. *Supplee*, *supra*, for instance, the taxpayer-vendee purchased real property on May 10, 1936. In January 1936 the local taxes became due and payable on the property for the taxable year 1936 and a lien attached therefor at that time. The vendor was the one against whom the taxes were assessed and he became personally liable therefor prior to the sale. It was held that the vendee-taxpayer could not deduct in 1936 any local taxes paid by him on account of the property, since he was not liable therefor. In *California Sanitary Co. Ltd.*, *supra*, was involved the California property tax, which provided that property must be assessed for local tax purposes "to the persons by whom it was owned or claimed, or in whose possession or control it was, at twelve o'clock meridian of the first Monday in March * * *." A lien attached for the taxes at that time. We held that the taxpayer who acquired property subsequent to the lien date was not entitled to deduct taxes paid by him for that year on the property because the transferor, owning the property on the crucial date, had become liable therefor. *Crown-Zellerbach*, *supra*, is essentially similar in principle to the *California Sanitary* case. None of those cases, in our opinion, is controlling of the question at hand, because they involve property taxes, the personal liability for which arises by virtue of ownership at a specified time. A transfer of the property subsequent to the existence of a personal liability for the taxes thereon has no effect on such liability. In those cases the personal liability for the taxes as of the specified day of ownership and the lien attaching therefor arose simultaneously, and no subsequent events could control or alter the liability therefor, despite the fact such taxes may be considered as covering a taxable period subsequent to the existence of the liability. In this connection the Supreme Court, in *Magruder* v. *Supplee*, *supra*, said that real estate taxes "are not like rent, nor are they paid for the privilege of occupying property for any given period of time."

The nature and character of the franchise tax here in question is essentially different from the property taxes involved in the above discussed cases. The franchise tax is imposed for the privilege of doing business during the "taxable year." It is true that such tax is measured by the preceding year's income, but it is not an income tax on such

income, but rather an excise tax for the privilege of doing business in the "taxable year" subsequent to the "income year." That the tax is essentially a tax on the privilege of doing business in the "taxable year" is clear from the terms of the act and further from the fact that withdrawal or dissolution relieves the taxpayer from taxation for the period of the "taxable year" during which the franchise privilege is not exercised. Therefore, on the last day of the "income year" we are unable to see how any liability can arise for a tax imposed on the privilege of doing business for a year not yet commenced. It is true that on the last day of the "income year" the facts are available which may constitute one of the basic elements of the prospective tax computation and it may also be that then it may seem almost inevitable that some liability will arise by virtue of the next day being the first day of the "taxable year." But however inevitable its prospective existence may seem on the last day of the "income year," the tax being for the privilege of doing business in the taxable year, the liability therefor arises only with and from the exercise of such privilege. If no business operations were carried on in the taxable year the tax would not be imposed.

In the instant case the franchise tax for the privilege of doing business in 1943 was properly taken and allowed as a deduction in petitioner's tax return for 1943, the year before us. The tax here in question was imposed on the privilege of doing business in 1944 and not in 1943. We think it not open to argument that the obligation to pay this tax was an expense of petitioner's business operations in 1944. It was, therefore, an expense which must necessarily be taken into account in the tax year 1944 in order properly to reflect petitioner's net income in that year. A business expense incurred which is attributable to the business operations of a particular tax year or period is, for the purpose of the Federal income tax, accruable in such year. *United States* v. *Anderson*, 269 U. S. 422; *Petaluma & Santa Rosa R. R. Co.*, 11 B. T. A. 541; *H. H. Brown Co.*, 8 B. T. A. 112; *Durst Productions Corporation*, 8 T. C. 1326.

In the *Anderson* case, referring to the right to keep books and make income tax returns on the accrual basis, the Supreme Court said:

* * * It was to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period; and indeed, to require the tax return to be made on that basis, if the taxpayer failed or was unable to make the return on a strict receipts and disbursements basis.

(2) The appellee's true income for the year 1916 could not have been determined without deducting from its gross income for the year the total cost and expenses attributable to the production of that income during the year.

The *Petaluma & Santa Rosa R. R. Co.* case involved accrual date of the California franchise tax on public utilities measured by a certain

percentage of the gross receipts on account of business done during the last preceding tax year. Sections of the California Code applicable were 3664a, 3665a, 3668, 3668b, and 3668c, as they existed in the years there involved. Petitioner contended that the franchise taxes which were assessed and became due and payable in 1921 were deductible in 1920, on the theory that they were based on the earnings of the prior year. The tax year there involved was 1921. We held that "a consideration of the statute leads us to the conclusion that there was no liability for the 1921 tax created by any events which occurred in 1920. If the corporation did not own the franchise and other property in 1921 there was no liability for the tax for that year, although the measure existed by which it could have been determined, if there was any liability. The 1921 tax was an expense of the business for that year and not for the prior year and it can not be deducted in the prior year as an accrued liability." The California statute provided that the franchise tax there in question became a lien on the property involved on the first Monday of March of the tax year.

In the *H. H. Brown Co.* case we said:

> The basic idea under the accrual system of accounting is that the books shall immediately reflect obligations and expenses definitely incurred and income definitely earned without regard to whether payment has been made or whether payment is due. Expenses incurred in the operations for a particular year are properly accrued in the accounts for that year, although payment may not be due until the following year.

Article 9A of New York Consolidated Laws, involved in the case of *Durst Productions Corporation*, imposes a corporation franchise tax each year for the privilege of doing business in that state. The tax is measured by a stated percentage of the "entire net income" of the year for which the tax is imposed, but it is payable and a lien therefor attaches in a subsequent taxable year. In the *Durst* case we said: "The tax being calculated on the amount of earnings for the year in issue, its charge against those earnings seems to accord with the theory of accrual."

Nor do we think that the wording of the act to the effect that the tax accrues and the lien therefor attaches on the last day of the "income year" alters the situation. This provision of the act, in our opinion, has significance only in terms of priority of liens and does not affect the question of accrual for Federal tax purposes. Since the provision of the act specifying the last day of the "income year" as the time of accrual and as the lien date is for a special and limited purpose only, i. e., priority of liens, and has reality in this connection only as it relates back from a delinquency occurring in the "taxable year," we do not think such provision can be considered determinative of the question before us.

Respondent has ruled that the California franchise tax before us is deductible for Federal tax purposes in the "taxable year." I. T. 3446,

C. B. 1944, p. 104. This ruling to us seems proper and is consistent with the treatment accorded other state franchise taxes.[1] For the reasons above indicated, we hold that the California franchise tax for 1944 accrued for Federal tax purposes in 1944 and was deductible in that year rather than 1943.

*Decision will be entered for the respondent.*

---

[1] Illinois, I. T. 3186, C. B. 1938–1, p. 140; Kentucky, I. T. 3232, C. B. 1938–2, p. 70; Maryland, I. T. 3192, C. B. 1938–1, p. 144; Massachusetts, G. C. M. 22525, C. B. 1941–1, p. 350; Michigan, I. T. 3047, C. B. 1937–1, p. 66; Oklahoma, I. T. 3136, C. B. 1937–2, p. 100; Pennsylvania, I. T. 3189, C. B. 1938–1, p. 141; Tennessee, I. T. 3150 and 3151, C. B. 1938–1, pp. 125, 126. The Connecticut tax has been ruled to accrue on the last day of the "income year," I. T. 2935, C. B. XIV–2, p. 91, but it is difficult to determine from reading the state statute (ch. 66 b, Cumulative Supplement to Connecticut General Statutes, January Sessions, 1931, 1933, 1935) whether the tax is imposed for the privilege of doing business during the "income year" or the "taxable year." See in this connection "Deductions for Accrued Taxes," 14 Taxes 197.