EPOCH FOOD SERVICE, INC., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10981–76.      Filed September 12, 1979.

Richard C. Bachman (an officer), for the petitioner.
*Bryce A. Kranzthor,* for the respondent.

WILES, *Judge:* Respondent determined a $2,303 deficiency in petitioner's 1973 Federal income tax. The sole issue is the extent of petitioner's 1973 California State franchise deduction.

### FINDINGS OF FACT

All of the facts were stipulated and are found accordingly.

Epoch Food Service, Inc. (hereinafter petitioner), an accrual method, calendar year taxpayer, had its principal office in Palo Alto, Calif., when it timely filed its 1973 return with the Internal Revenue Service Center at Fresno, Calif., and when it filed its petition in this case.

Petitioner was incorporated in California on April 13, 1965, and was still doing business at the time of trial. From 1966 through 1972, petitioner annually accrued and deducted a California franchise tax calculated on its net income for the preceding year.

In 1973, prompted by an amendment to the California law regarding taxation of corporations, petitioner accrued and deducted $7,948 as a California franchise tax calculated on its current 1973 net income. In an amendment to its petition, petitioner also claimed a deduction for $3,150, the 1973 California franchise tax calculated on its net income for the preceding year, 1972.

Respondent, relying upon section 461(d)[1] as a limitation on petitioner's right to accrue the franchise taxes based upon its 1973 net income, disallowed all but $3,150, the tax attributable to petitioner's 1972 net income.

OPINION

We must determine the extent of petitioner's 1973 franchise tax deduction. Petitioner, relying upon section 461(a) and section 1.461–1(a)(2), Income Tax Regs., argues that in 1973, all events had occurred for determining its liability for the California franchise taxes based upon both its 1972 and 1973 net income, and that it is accordingly entitled to accrue and deduct the two franchise taxes in 1973. Respondent does not dispute petitioner's accrual and deduction of the franchise tax based upon its 1972 net income, nor does he dispute that the all events test of section 1.461–1(a)(2), Income Tax Regs., is met with respect to the franchise tax based upon petitioner's 1973 net income. He simply asserts that California legislation, effective in 1973, accelerated the accrual date from January 1, 1974, to December 31, 1973, for the franchise tax based upon its 1973 net income, and that section 461(d) therefore operates as a bar to petitioner's 1973 deduction of the tax based upon 1973 net income. We agree with respondent.

California imposes an annual franchise tax on most corporations doing business within the State for the privilege of exercising their corporate franchises. Cal. Rev. & Tax. Code sec. 23151 (West 1970) (hereinafter 1970 Cal. Code). In general, the tax computed for the "taxable year" is based upon the net income of the preceding year, which is designated the "income year." Special rules apply for a corporation's first and final years. The law regarding dissolving corporations was amended in 1972 changing the basis for determining a corporation's franchise tax in its *final year*. The effect of that California amendment on petitioner's accrual of its franchise tax deduction is the essence of the dispute.

Prior to 1973, the franchise tax for the year a corporation dissolved, was a prorated amount based upon the preceding year's net income and the number of months the corporation was

---

[1]Statutory references are to the Internal Revenue Code of 1954, as amended.

in existence in the dissolving year. 1970 Cal. Code sec. 23332. After December 31, 1972, the tax for the year a corporation dissolves is composed of two parts. The first portion is measured by the net income of the preceding year. 1978 Cal. Code sec. 23151.1(d). The second portion is measured by the net income of the final year with a credit allowed for the tax paid for its first year. 1978 Cal. Code secs. 25151.1(d), 23201. Thus, prior to December 31, 1972, dissolving corporations did not pay a franchise tax based upon the net income in their final year. In 1972, the law was amended presumably to prevent a corporation from escaping taxation on its net income for its final year of operation by dissolving at some time during that year. Therefore, after the amendment, dissolving corporations are not only required to pay a tax on the net income of the preceding year but also on the net income of the final year less the tax paid for the first year.

In *Central Investment Corp. v. Commissioner*, 9 T.C. 128, 133 (1947), affd. per curiam 167 F.2d 1000 (9th Cir. 1948), cert. denied 335 U.S. 826 (1948), we held that, under the pre–1973 law, accrual method corporate taxpayers could accrue the California franchise tax of the taxable year based upon the preceding year's net income only in the taxable year. Our rationale was that because of the terms of the franchise tax act and the fact that withdrawal or dissolution relieved the taxpayer from taxation for the period of the taxable year during which the corporate franchise is not exercised, the tax was essentially a tax on the privilege of doing business in the taxable year. *Central Investment Corp. v. Commissioner, supra.* Accord, *Gorman Lumber Sales Co. v. Commissioner*, 12 T.C. 1184, 1193 (1949); *Grace Bros., Inc. v. Commissioner*, 10 T.C. 158, 164 (1948), affd. 173 F.2d 170 (9th Cir. 1949). Moreover, since a dissolving corporation is obviously not in existence the year following dissolution, the net income of such corporation's final year prior to 1973 was never used as a measure for the franchise tax and therefore never taxed. Thus, the pre–1973 California franchise tax was imposed for doing business in the taxable year, even though based upon net income of the preceding year, because all events fixing a corporation's liability did not occur until the taxable year in which it exercised its franchise privilege. Sec. 1.461–1(a)(2), Income Tax Regs. Respondent followed this position in Rev. Rul. 68–305, 1968–1 C.B. 213.

Due to the amendment effective in 1973, however, petitioner and respondent agree that beginning in 1973, the accrual date for the 1974 tax liability, based upon the net income of 1973, had accelerated from January 1, 1974, to December 31, 1973. This acceleration resulted because the amendment required corporations dissolving after December 31, 1972, to pay a franchise tax in their final year of operation based not only upon the preceding year's net income but also upon the net income of the dissolving year. Thus, since the law was amended to impose a franchise tax in the final year of operation, liability for the tax based upon the previous year's net income no longer depended on the corporation operating during the following taxable year.

Our finding then is that the effect of the 1972 California amendment pertaining to dissolving corporations was to change the accrual date for the taxable year's tax based upon the preceding year's net income from January 1 of the taxable year to December 31 of the preceding year. Moreover, we believe such an advancement of an accrual date is squarely controlled by section 461(d)(1) which operates as a limitation on the taxpayer's right to otherwise accrue and deduct a tax:

In the case of a taxpayer whose taxable income is computed under an accrual method of accounting, to the extent that the time for accruing taxes is earlier than it would be but for any action of any taxing jurisdiction taken after December 31, 1960, then, under regulations prescribed by the Secretary, such taxes shall be treated as accruing at the time they would have accrued but for such action by such taxing jurisdiction.

Petitioner advances two arguments with respect to the inapplicability of section 461(d) to the 1973 franchise tax based upon its 1973 income. First, it argues that section 461(d) was intended to apply only to real property taxes, since only those taxes are referenced in the examples found in section 1.461–1(d)(3), Income Tax Regs. We cannot agree.

The statute itself refers very broadly to "taxes;" there is no restriction as to the type of taxes involved. In addition, section 1.461–1(d)(3), example (2), Income Tax Regs., specifically refers to a franchise tax imposed in lieu of a property tax. Moreover, the legislative history of section 461(d) suggests that Congress intended solely to deny accrual basis taxpayers the right to accrue and deduct State taxes, regardless of type, for 2 years in 1 Federal tax year when they only paid the tax for 1 year. Conf. Rept. 2213, 86th Cong., 2d Sess. (1960), 1960–2 C.B. 902, 905.

Accordingly, we reject petitioner's argument that section 461(d) applies only to property taxes.

Petitioner's final argument suggests that section 461(d) does not apply to California's new franchise tax calculation period since the effect of the change in law was not to advance an accrual date but rather to create a new franchise tax system reaching the net income of the final year of corporate life. The theory is novel but unpersuasive. The amendment at issue merely modified the existing franchise tax system in California as it pertains to taxing the net income of a dissolving corporation during its final year of operation. It was obviously designed to treat a specific defect in the system. It in no way replaced California's existing franchise system. In fact, continuing corporations, such as petitioner, do not change the method they compute and pay their franchise tax until the year they dissolve.

The result of the change in law is to permit an accrual of the taxable year's franchise tax on December 31 of the previous year. This is an acceleration of the pre–1973 accrual date specified in *Central Investment Corp. v. Commissioner, supra.* That is precisely the type of accrual advancement barred by section 461(d). Thus, under the rule of section 461(d), petitioner must continue to accrue its franchise tax in the taxable year under the pre–1973 method. Two such accruals are not permitted by that section.

Accordingly, we find petitioner is entitled to accrue and deduct only $3,150 in 1973, the franchise tax based upon its 1972 net income.

To reflect the foregoing,

*Decision will be entered for the respondent.*